Clarence **WILLIAMS**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 28850.

United States Court of Appeals, Fifth Circuit.

Feb. 16, 1970.

Clarence Williams, pro se.

Edward F. Boardman, U. S. Atty., Tampa, Fla., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

**PER CURIAM:**

In this pro se case appellant has failed to file a brief within the time fixed by Rule 31, F.R.A.P., and has requested that the case be disposed of summarily pursuant to Rule 9(c) (2) of this Court. Stout v. Broom, 5 Cir. 1969, 406 F.2d 758. The district court denied appellant's motion to vacate sentence pursuant to 28 U.S.C. § 2255. We affirm.

Clarence Williams was convicted on his plea of guilty on two counts of possession of stolen mail, violations of 18 U.S.C. § 1708. He was sentenced to *concurrent* terms of four years on each count. On that same day, however, before appellant had left the courthouse, he was returned to the courtroom and resentenced to two *consecutive* four year terms. The sentencing judge explained to Williams that he had intended to say "consecutively" at the earlier proceedings instead of "concurrently".

Williams filed his motion in the court below challenging the authority of the court to alter a sentence once it has been pronounced. The court below denied the motion without a hearing.

When a defendant has not been transferred from the court's custody to a place of detention at the time his sentences are altered, service of the sentences has not officially commenced, and defendant's rights are not impinged by the trial court's timely alteration of his sentences. Vincent v. United States, 8 Cir. 1964, 337 F.2d 891, cert. denied, 380 U.S. 988, 85 S.Ct. 1363, 14 L.Ed.2d 281, reh. denied, 381 U.S. 947, 85 S.Ct. 1775, 14 L.Ed.2d 713; United States v. Byars, 6 Cir. 1961, 290 F.2d 515, cert. denied, 368 U.S. 905, 82 S.Ct. 185, 7 L.Ed.2d 99, reh. denied, 368 U.S. 872, 82 S.Ct. 65, 7 L.Ed.2d 73; Kelley v. United States, 4 Cir. 1956, 235 F.2d 44; Walton v. United States, 1953, 92 U.S.App.D.C. 26, 202 F.2d 18; DeMaggio v. Coxe, 2 Cir. 1934, 70 F.2d 840. Williams had not been removed from the trial court's custody and thus had not commenced service of his sentence. Therefore, the court's correction of his sentence was permissible. We affirm the judgment of the district court.