402 So.2d 1248 (1981)
Ronald Edward IVEY, Petitioner,
v.
Eugene L. EASTMOORE, Circuit Judge, Respondent.
No. 81-705.
District Court of Appeal of Florida, Fifth District.
August 5, 1981.
Rehearing Denied September 4, 1981.
Michael S. Becker, Asst. Public Defender, Daytona Beach, for petitioner.
Jim Smith, Atty. Gen., Tallahassee and Barbara Ann Butler, Asst. Atty. Gen., Daytona Beach, for respondent.
COBB, Judge.
Ronald Edward Ivey, defendant below, was charged with one court of burglary in *1249 Case No. 81-218-CF and with both burglary and grand theft in Case No. 81-023-CF-J. Pursuant to plea bargain negotiations, Ivey pled guilty to both counts of the 81 case, with a sentence cap of ten years, and the 80 case was nolle prossed after acceptance of the plea by the trial court following a determination that it was freely, voluntarily and intelligently made. No judgment was entered at that time. A pre-sentence investigation report was ordered.
Some three months later, Ivey came before the trial judge for sentencing. In response to the court's inquiry concerning additions or corrections to the pre-sentence investigation report, defense counsel objected to the inclusion therein of information pertaining to the dismissed case. The objection was that, despite the dismissal of the case and the presumption of innocence, "there's almost a page of information concerning that particular crime."
The trial judge stated that such information could be considered, and that if defense counsel disagreed, then he would vacate the plea, have the dismissed charge reinstated, and proceed to trial on all three charges.
Defense counsel stated that the fact that the charge was nolle prossed could be included in the pre-sentence investigation report, but that extensive information about it was improper. When the objection was not withdrawn, the trial court vacated the plea, directed the state attorney to refile the dismissed charge, and ordered both cases to be set for trial.
The defendant objected to this action, and filed a motion for a sentencing hearing, which was denied. He contends that trial of Case No. 80-218-CF would constitute double jeopardy.
In his petition for writ of prohibition, the defendant argues that once his guilty plea and the plea negotiation were accepted by the trial judge, they could not be set aside under the instant circumstances without the consent of the defendant. Primarily, defendant relies on Florida Rule of Criminal Procedure 3.172 and two Florida Supreme Court cases: Troupe v. Rowe, 283 So.2d 857 (Fla. 1973); and Reyes v. Kelly, 224 So.2d 303 (Fla. 1969), cert. denied, 397 U.S. 958, 90 S.Ct. 961, 25 L.Ed.2d 142 (1970).
The rule provides that up until acceptance by the trial court, the plea bargain may be withdrawn by either party without necessary justification. After such acceptance, such justification  e.g., mistake, surprise, fear, improper inducement, manifest injustice, etc.  is necessary. See Robinson v. State, 373 So.2d 898 (Fla. 1979); Williams v. State, 316 So.2d 267 (Fla. 1975); Pope v. State, 56 Fla. 81, 47 So. 487 (1908). Although the trial court's acceptance of the plea binds the parties to the agreement, i.e., the state and the defendant, it is tentative and is not binding on the trial judge until adjudication and sentence, so long as the defendant is not held to the terms of his agreement. Cf. Moore v. State, 339 So.2d 228 (Fla. 2d DCA 1976).
Troupe is readily distinguishable. In that case, the defendant objected to the trial court setting aside a prior judgment and sentence after conclusion of the sentencing hearing and in the absence of a formal motion by the state setting forth any justification therefor.
In Reyes, the trial court refused to accept a plea of guilty to second-degree murder under circumstances whereby the defendant was unable to speak and understand English and the facts, as translated, led the trial court to believe that the defendant may have acted in self defense. Therefore, the trial court would not accept the seemingly voluntary plea. Subsequently, the prosecution entered a written nolle prosequi to the second-degree murder information, presented the matter to the grand jury, and obtained an indictment for first-degree murder. The Florida Supreme Court held that questioning by the trial court at the time the plea was tendered was sufficient for jeopardy to have attached. Consequently, it was improper for the state to attempt to prosecute the defendant for *1250 first-degree murder. The defendant was not discharged from prosecution for murder in the second degree. Under this logic, jeopardy is unaffected in the instant cause because the defendant is not threatened with prosecution for a higher offense in either Criminal Case No. 81-023 or Case No. 80-218.
We find the dispositive case to be Davis v. State, 308 So.2d 27 (Fla. 1975). In that case the court said:
As we stated in Brown [v. State, 245 So.2d 41 (Fla.)], supra, a judge is never bound in sentencing by the negotiations which occur between the prosecuting attorney and the defense counsel. Furthermore, it is true that plea discussions in which the trial judge is involved have been categorized as "delicate" and that the American Bar Association in its Standards for Criminal Justice Relating to Guilty Pleas has concluded that the trial judge should not participate in such plea discussions until after a tentative plea agreement has been entered into between counsel for the parties. Nevertheless, we refrain from condemning the practice per se since we are confident that the trial judges of this state will take all necessary precautions to assure that defendants' rights are protected by appropriate safeguards. Should a trial judge later decide that a sentence should not be as lenient as he had contemplated earlier, he must be liberal in permitting a withdrawal of the guilty plea. In the case sub judice, this opportunity was afforded the defendant. We come now to the problem sub judice: when a judge who has participated in or tentatively approved a plea bargain decides not to include the concessions contemplated therein in his final disposition of the case and affirmatively offers the defendant the opportunity to withdraw his guilty plea, may the defendant refuse to withdraw his plea on the ground that the plea bargain is a specifically enforceable contract? We think not. It is our view that, even if the trial judge's indication of leniency is the only inducement a defendant has in pleading guilty, the court is not bound by it. If for any reason the plea bargain is not carried out, the defendant has two alternatives: (1) he may withdraw his plea and proceed to a disposition of the matter without any of his admissions, statements, or other evidence given in the plea negotiations being used against him; or (2) he may agree to proceed with the guilty plea without being bound by any conditions or agreements. The result is that, if the trial judge decides not to fulfill the tentative plea agreement, the case is returned to the position it was in prior to the plea negotiations, thereby imposing no unfair disadvantage on a defendant.
While we recognize that Santobello [v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427], supra, requires specific performance by a prosecutor of a promise on which a defendant relied, we do not find that plea discussions can be specifically enforced against a court. [Emphasis added] [footnotes omitted].
Id. at 29.
Accordingly, the petition for writ of prohibition is
DENIED.
FRANK D. UPCHURCH, Jr., and COWART, JJ., concur.