COBB, Chief Judge.
This is an appeal from a negotiated plea and sentencing agreement. Appellant was charged in a four-count information with: Count I — robbery; Count II — burglary of a dwelling; Count III — second-degree grand theft; and Count IY — dealing in stolen property. Pursuant to a plea negotiation, the appellant agreed to plead nolo conten-dere to Counts I and II, and in exchange the state agreed to nolle pross Counts III and IV and that appellant would be given no more than concurrent county jail time on Counts I and II. At the initial hearing held December 5, 1983, the defense attorney presented the plea arrangement to the court and stated:
MR. LAMBERT [Defense Attorney]: ... at this time he [appellant] would like to withdraw his previously entered pleas of not guilty to each of those offenses [Counts I and II] and proffer to the Court a plea of nolo contendere, maintaining his innocence, but feeling it’s in his best interest to enter such a plea with the understanding that Count II and Count III would be nolle prossed [sic] and that Mr. Simpson wuld not be sentenced to any more than County — to a County jail sentence on each of the counts and any sentence that this Court would impose would be concurrent.
Mr. Simpson at this time, although he does have no prior felony convictions, is willing to waive a pre-sentence investigation and have the Court sentence him today.
The state commented that it “would rather have a P.S.I. done,” and that the state was “not making any comment at all as to sentence.” After this discussion, the court inquired as to the competence and volun-tariness of the plea, whereupon the court accepted the plea of nolo contendere and directed that a pre-sentence investigation be conducted.
On May 2, 1984, a sentencing hearing was held. At the hearing, the state recommended that the appellant, as per the agreement, only spend county jail time in jail, but additionally recommended a five-year period of probation. Appellant objected to the state’s suggestion on the basis that it was outside of the plea negotiation agreement. Appellant stated that this would amount to an additional sentence and that the state had stated it would not make any comment at all to the sentence. Additionally, the following comments were made:
MR. PAPPAS [State Attorney]: ... The state’s intent — it never intended — it intended to have him spend his county cap time in jail, a probationary period, one way or the other, that’s why we said no comment on the PSI because we figured the Probation and Parole would add a probationary period, recommend a probationary period. We’re still not against it.
MR. LAMBERT: Such an announcement should have been made at the time of the plea.
*439 MR. PAPPAS: Withdraw the plea, then.
MR. LAMBERT: The defendant has performed his part of the agreement and spent over a year in jail.
The court then proceeded to sentence the appellant to 364 days county jail time with credit for time served, and a five-year probationary period.
As we interpret this record, the state agreed to the proposal by the defense, subject to the trial court’s ultimate approval after review of a PSI. At the time of sentence, however, the trial court, having reviewed the PSI, was not willing to impose a sentence consistent with the prior agreement between the defense and the state, and instead imposed an additional probationary period. At that point in time, the trial judge was not at liberty to impose such a sentence without first affording the defendant the opportunity to withdraw his plea, which was not done. See LaBaissiere v. State, 429 So.2d 96 (Fla. 2d DCA 1983); Newberry v. State, 421 So.2d 546 (Fla. 4th DCA 1982), review denied, 426 So.2d 27 (Fla.1983); Reynolds v. State, 339 So.2d 714 (Fla. 2d DCA 1976). The defense, on the other hand, is not entitled to specific performance against the court of a plea agreement with the state, absent a showing of irrevocable prejudice to the defendant resulting from the plea agreement. See Rowe v. Griffin, 676 F.2d 524 (11th Cir.1982); Davis v. State, 308 So.2d 27 (Fla.1975); State v. Borrego, 445 So.2d 666 (Fla. 3d DCA 1984); Ivey v. Eastmoore, 402 So.2d 1248 (Fla. 5th DCA 1981), review denied, 408 So.2d 1093 (Fla.1981); Odom v. State, 310 So.2d 770 (Fla. 2d DCA 1975). Simpson’s year in jail did not result from the plea agreement, as asserted by his counsel, but from his initial arrest and failure to post bond pending trial and sentence. Accordingly, the judgments and sentences are vacated and the case is remanded in order to allow the appellant the opportunity to withdraw his plea.
REVERSED and REMANDED.
DAUKSCH and FRANK D. UP-CHURCH, Jr., JJ., concur.