PER CURIAM.
At issue is the trial court’s authority to impose a condition of restitution upon a juvenile after entry and performance of an order of community control which contains no condition of restitution. We hold that the trial court was without authority to do so and remand with direction to quash the order of restitution.
In Carmo v. State, 378 So.2d 850 (Fla. 4th DCA 1979), we reversed the imposition of a post-conviction condition of restitution upon a convicted adult probationer when there had been no violation of probation. There, as here, restitution was not mentioned at the time of conviction. Subsequently, we extended the same rule to juveniles in In the Interest of V. McD., 472 So.2d 891 (Fla. 4th DCA 1985).
We note two other matters which bear mention. First, the child here had performed in accordance with the order, which resulted from a plea bargain. Courts will not let a defendant be prejudiced as a result of good faith reliance upon an agreement by the prosecution. Nova v. State, 439 So.2d 255, 259 (Fla. 3d DCA 1983).[1] Withdrawal of the plea in this case after completion of the bargained forty hours of community service would have been inappropriate.
Second, section 39.10, Florida Statutes (1983), for reasons unexplained to us, makes no provision for modification in the absence of adjudication. There was no adjudication in the present case. Section 39.- *1087 11, Florida Statutes (1983) provides for adjudication and modification thereafter.
HERSEY, C.J., and DOWNEY and GLICKSTEIN, JJ., concur.

. A defendant is not entitled to specific performance against the court of an agreement with the prosecution, absent a showing of irrevocable prejudice to the defendant resulting from the agreement. See Simpson v. State, 467 So.2d 437, 439 (Fla. 5th DCA 1985), and cases cited therein.