PER CURIAM.
Appellant was found guilty of one count of delivery of cocaine. The guidelines called for a sentence of nine to twelve *1346 years. The trial court sentenced appellant to fifteen years based upon the following written reason:
Based on the timing of the commission of the criminal offense in the instant case only four (4) months and nineteen (19) days from the date of the Defendant's release from incarceration on a similar charge, this Court finds that there are clear and convincing reasons for upward departure from the presumptive sentencing guidelines in the instant case and sentences the Defendant to fifteen (15) years in Florida State Prison.
We reverse. The trial court failed to complete the order containing the written reason for departure contemporaneously with the pronouncement of sentence. State v. Oden, 478 So.2d 51 (Fla.1985); Ree v. State, 512 So.2d 1085 (Fla. 4th DCA 1987). Additionally, the record contains no competent evidence to establish the release date given in the written order, a release date disputed by appellant. See Brooks v. State, 490 So.2d 173, 174 (Fla. 5th DCA 1986) (where defendant disputes timing of offenses, burden is on the state to present competent evidence refuting his claims). While the reason given for departure need only be proved by a preponderance of the evidence, there was no competent evidence presented by the state.
Accordingly, we reverse and remand with instructions that appellant be resen-tenced within the guidelines. We also order the costs imposed be stricken as appellant was not given notice or an opportunity to be heard on that issue. See Mays v. State, 519 So.2d 618 (Fla.1988).
REVERSED and REMANDED.
DOWNEY, GLICKSTEIN and DELL, JJ., concur.