539 So.2d 580 (1989)
Charles REED, Appellant,
v.
STATE of Florida, Appellee.
No. 88-998.
District Court of Appeal of Florida, Fifth District.
March 9, 1989.
James B. Gibson, Public Defender and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Dee R. Ball, Asst. Atty. Gen., Daytona Beach, for appellee.
*581 ORFINGER, Judge.
Defendant appeals from departure sentences, contending that he was entitled to specific performance of a plea agreement with the State, and that the departure sentences were invalid because of the trial court's failure to state its reasons for departure in a written order. We disagree with his assertion that he was entitled to specific performance of the plea agreement, but agree that the absence of written reasons for departure requires that the sentences be vacated.
Defendant was charged in several informations with the crimes of burglary, grand and petit theft and trafficking in stolen property. On December 15, 1987, defendant executed a document entitled "Petition to Enter Plea of Guilty or Nolo Contendere" wherein he stated his desire to enter a plea of nolo contendere to the various charges, as well as to a charge of violating his probation arising out of a 1984 burglary conviction. In signing this document the defendant asserted, among other things:
5. I know that if I plead (nolo contendere) to this/these charges(s) the maximum possible sentence is 51 years imprisonment with the Department of Corrections, and/or fine of $ ____, and/or ____ months in the County Jail. I know also that the sentence is up to the Court only. I know the mandatory minimum penalty for this charge is ____.
* * * * * *
8. I (am)(am not)[1] presently on probation or parole. I understand that by pleading (nolo contendere) in this case may cause revocation of my probation or parole and that this could result in a sentence of 10 years imprisonment in that case. I further understand that if my parole or probation is revoked, any sentence in this case may be consecutive to or in addition to any sentence in this case in which parole or probation is revoked.
* * * * * *
12. I believe that my lawyer has done all that anyone could to counsel and assist me. I AM SATISFIED WITH THE ADVICE AND HELP HE HAS GIVEN ME. I recognize that if I have been told by my lawyer that I might receive probation or a light sentence this is merely his prediction and is not binding on the Court. [Emphasis added].
On the same date, defendant, his attorney and the prosecutor executed a document entitled "Negotiated Plea" in which defendant agreed to enter a plea of nolo to the various charges, and that he and the State would agree to a sentence of:
4 1/2 years Department of Corrections if Defendant assists LEO. Defendant to be allowed to attend a drug treatment program prior to serving sentence to count toward sentence if successful complition [sic] Assist Law enforcement in clearing their cases, no prosecution on those cases.
A hearing was held on the same day and the court was informed by defendant's counsel that defendant would plead to the charges in exchange for a 4 1/2 year sentence, conditioned on his assisting the police in clearing up a number of other burglaries. A plea colloquy followed, and among other things, this dialogue took place:
BY THE COURT:
Q. Your name is Charles Reed?
A. Yes, sir.
Q. In front of you is a Petition and Negotiated Plea. Do you recognize those documents?
A. Yes, sir.
Q. Have you read and do you understand those documents?
A. Yes, sir.
Q. Have you discussed your case and those documents fully with your attorney?

*582 A. Yes, I have.
* * * * * *
Q. Can you read, write, speak and understand the English language?
A. Yes, sir.
Q. Do you understand the maximum penalty in each of these cases is up to five years in the State Prison and a fine of up to Five Thousand Dollars?
A. Yes, sir.
At the conclusion of the colloquy, finding that the plea was made freely, voluntarily and intelligently, and based on the petition and negotiated plea documents, the court accepted the plea.
That same day the court entered two written orders. One, printed at the end of the Petition To Enter Plea, and entitled "Order with Findings," concludes with: "The plea is accepted and the Court does order a Pre-Sentence Investigation." The second, entitled "Order On Negotiated Plea," orders that the defendant's plea is "Accepted conditionally pending review of the pre-sentence investigation." The latter order shows that a copy was furnished the defendant as well as his counsel.
Appellant argues that the trial court unconditionally accepted his plea on the record, that he complied with the conditions of the plea agreement by cooperating with the authorities and that the court was bound by the agreement and could only sentence him to 4 1/2 years' imprisonment as provided for therein. He maintains that he has been irrevocably prejudiced because once he cooperated with the authorities, his bargaining position was forever changed and he could not be returned to the position he was in previously should be permitted to withdraw said plea.
This court has said that although the trial court's acceptance of a plea binds the parties to the agreement, i.e., the State and the defendant, it is tentative and is not binding on the trial judge until adjudication and sentence, so long as the defendant is not held to the terms of his agreement.[2]Ivey v. Eastmoore, 402 So.2d 1248 (Fla. 5th DCA 1981); see generally Fla.R.Crim.P. 3.171(a) entitled "Plea Discussions and Agreements" ("Ultimate responsibility for sentence determination rests with the trial judge."). In Davis v. State, 308 So.2d 27 (Fla. 1975) our supreme court explained:
As we stated in Brown [v. State, 245 So.2d 41 (Fla. 1971)], supra, a judge is never bound in sentencing by the negotiations which occur between the prosecuting attorney and the defense counsel.... Should a trial judge later decide that a sentence should not be as lenient as he had contemplated earlier, he must be liberal in permitting a withdrawal of the guilty plea. In the case sub judice, this opportunity was afforded the defendant. We come now to the problem sub judice: when a judge who has participated in or tentatively approved a plea bargain decides not to include the concessions contemplated therein in his final disposition of the case and affirmatively offers the defendant the opportunity to withdraw his guilty plea, may the defendant refuse to withdraw his plea on the ground that the plea bargain is a specifically enforceable contract? We think not. It is our view that, even if the trial judge's indication of leniency is the only inducement a defendant has in pleading guilty, the court is not bound by it. If for any reason the plea bargain is not carried out, the defendant has two alternatives: (1) he may withdraw his plea and proceed to a disposition of the matter without any of his admissions, statements, or other evidence given in the plea negotiations being used against him; or (2) he may agree to proceed with the guilty plea without being bound by any conditions or agreements. The result is that, if the trial judge decides not to fulfill the tentative plea agreement, the case is returned to the position it was in prior to the plea negotiations, thereby imposing no unfair disadvantage on a defendant.
While we recognize that Santobello [v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 *583 L.Ed.2d 427 (1971)], supra, requires specific performance by a prosecutor of a promise on which a defendant relied, we do not find that plea discussions can be specifically enforced against a court. As stated by Justice Drew in Tilghman v. Culver [99 So.2d 282 (Fla. 1957)]:
"According to the record before us the trial judge admits that he bargained with the petitioner and reached an agreement whereby the petitioner was to plead guilty to the breaking and entering charge in exchange for a particular sentence by the judge . .."
* * * * * *
"Courts cannot bind themselves to agreements such as that shown by this record. To countenance such would require too high a price for administrative efficiency. The judge is an instrument of the law charged with meting out just punishment to convicted men. Just punishment is that which fits the circumstances of the crime and the particular criminal; therefore, expediency has no place in formulating the judge's act."
308 So.2d at 29. (Footnotes omitted).
Although defendant relies on cases such as In the Interest of D.T., 477 So.2d 1086 (Fla. 4th DCA 1985) for the proposition that new conditions cannot be imposed by the court after the defendant has performed the conditions of the court's order, we need not reach that issue because the record refutes defendant's contention that the trial court unconditionally accepted the plea agreement which included the sentence cap. Although we agree that in the oral dialogue the trial court could have more specifically advised defendant that the agreed upon sentence was not binding on the court, his acceptance of the plea was based on the colloquy as well as the documents signed by the defendant and which defendant testified he had read and understood, and which very clearly indicated that sentencing was completely within the discretion of the court. Moreover, before defendant gave the police any information, he was furnished (as was his counsel) with a copy of the court order conditionally accepting the plea pending a presentence investigation. His cooperation with the police was thus voluntary, at least in part in order to avoid prosecution for those crimes, and cannot be said to have been based upon an unconditional acceptance of the plea.
Nevertheless, defendant correctly asserts that the departure sentences are invalid in the absence of a written order stating the reasons for departure. State v. Jackson, 478 So.2d 1054 (Fla. 1985). It is therefore necessary that we vacate the sentences and remand the case to the trial court for resentencing. In the event the trial court again decides to depart from the recommended guidelines sentence, he should enter a written order delineating his reasons, within the confines of Shull v. Dugger, 515 So.2d 748 (Fla. 1987). See Oden v. State, 463 So.2d 313 (Fla. 1st DCA 1984); approved, 478 So.2d 51 (Fla. 1985).
Sentences VACATED and REMANDED.
COBB and DANIEL, JJ., concur.
NOTES
[1] Defendant was on probation for the 1984 offense, so striking through the word "am" was obviously a scrivener's error.
[2] Defendant's brief indicates that the trial court withdrew the plea which the appellant later reinstated. The record before us alludes to such, but does not clearly record the circumstances.