542 So.2d 423 (1989)
Daniel Joseph POPE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-787.
District Court of Appeal of Florida, Fifth District.
April 20, 1989.
James B. Gibson, Public Defender and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Defendant appeals from a sentence imposed after the trial judge announced oral reasons for departure, but failed to provide written reasons. We must vacate the sentence and remand for resentencing for failure to provide written reasons. See State v. Jackson, 478 So.2d 1054 (Fla. 1985), receded from on other grounds, Wilkerson v. State, 513 So.2d 664 (Fla. 1987).
A more troublesome issue raised in this appeal is the contention of appellant that in remanding the case for resentencing, we must advise the trial court that he is now precluded from entering a departure sentence because it was not done properly the first time. We reject that contention, but not without observing that the various district courts are in disarray on the issue of the proper instruction to be given the trial court when a cause is remanded due to the trial court's failure to initially provide written reasons for a departure sentence. Compare, e.g., Daughtry v. State, 521 So.2d 208 (Fla. 2d DCA), review denied, 528 So.2d 1181 (Fla. 1988) (where trial court failed to provide written reasons for the departure sentence the cause is remanded for resentencing within the recommended range or for a statement of proper written reasons for a departure from that range) with Jenkins v. State, 528 So.2d 527 (Fla. 2d DCA 1988) (where court failed to provide written reasons to support departure sentence the cause was remanded with directions to resentence defendant within the sentencing guidelines); compare Padgett v. State, 534 So.2d 1246 (Fla. 3d DCA 1988) (where court failed to provide written reasons for the departure sentence the cause was remanded with directions to provide *424 written reasons to support the departure)[1] with Rangel v. State, 532 So.2d 84 (Fla. 3d DCA 1988) (court remanded for resentencing within the guidelines following the trial court's failure to provide written reasons for entering a departure sentence); compare Schmeisser v. State, 527 So.2d 276 (Fla. 4th DCA 1988) (cause reversed and remanded for the trial court to satisfy the requirement of giving written reasons for departing from the sentencing guidelines) with Florence v. State, 532 So.2d 1345 (Fla. 4th DCA 1988) (where the written order containing the reasons for departure was not completed contemporaneously with the pronouncement of sentence the appellate court reversed and remanded with instructions that appellant be resentenced within the guidelines). See also State v. Lawler, 531 So.2d 752 (Fla. 4th DCA 1988) (where no written reasons for downward departure, reversed for sentencing within guidelines range or "to provide written reasons for any departure therefrom.").
We agree with those cases which permit the trial court, on remand, to supply written reasons for departure where only oral reasons were given at sentencing. We find nothing in Shull v. Dugger, 515 So.2d 748 (Fla. 1987) which prohibits this result.
In Oden v. State, 463 So.2d 313 (Fla. 1st DCA 1984), approved, State v. Oden, 478 So.2d 51 (Fla. 1985) the appellate court vacated a departure sentence for failure of the trial court to provide written reasons, and remanded for resentencing. In so doing, the court observed that "[s]hould the trial court again decide to depart from the guidelines, it should follow the requirements of Jackson [v. State, 454 So.2d 691 (Fla. 1st DCA 1984) (written reasons required for departure, approved as to the requirement of written reasons, State v. Jackson, 478 So.2d 1054 (Fla. 1985))]." In Barbera v. State, 505 So.2d 413 (Fla. 1987), in vacating a downward departure sentence, the supreme court remanded for resentencing "so that the trial judge can write out his specific reasons for departure." Nothing in the opinion distinguishes the writing requirements in mitigated sentences from those in aggravated sentences. We therefore reject the defendant's contention that the trial judge may not depart from the recommended guidelines sentence upon resentencing. See also Reed v. State, 539 So.2d 580 (Fla. 5th DCA 1989).
Since this defendant must be resentenced, we call to the attention of the trial court the fact that the scoresheet used here included points for only one of the two cases before the court for sentencing. Although the presumptive guidelines sentence would appear not to be affected had points for the other case been included, nevertheless, on remand, a correct scoresheet should be used.
Sentence VACATED; REMANDED.
SHARP, C.J. and GOSHORN, J., concur.
NOTES
[1] The cases cited in Padgett supporting this result were those wherein the state took an appeal based on the court's failure to provide written reasons for a downward departure. The Third District has consistently permitted a court to provide written reasons for a downward departure upon remand after failing to initially provide written reasons. See State v. Johnson, 533 So.2d 939 (Fla. 3d DCA 1988); State v. McDavid, 532 So.2d 1125 (Fla. 3d DCA 1988); State v. Adams, 528 So.2d 548 (Fla. 3d DCA 1988). We agree with the result in Padgett, which involved an upward departure, however, because we find nothing in the sentencing guideline rules which apply different procedural requirements depending on whether the departure is upward or downward. Rule 3.701(d)11 requires written reasons when the departure either aggravates or mitigates the recommended guidelines sentence and does not distinguish between them. See also Viera v. State, 532 So.2d 743 (Fla. 3d DCA 1988) where the court approved an upward departure sentence imposed after remand for failure to provide a written order when the departure sentence was originally imposed.