ON MOTION FOR REHEARING
PETERSON, Judge.
Charles Reed timely moves for rehearing of Reed v. State, 565 So.2d 708 (Fla. 5th DCA 1990), wherein we affirmed his guidelines departure sentence upon the authority of Pope v. State, 542 So.2d 423 (Fla. 5th DCA 1989). The affirmance followed an earlier appeal in which we vacated his sentence and remanded for resentencing because the trial court failed to provide written reasons for imposing a departure sentence. Reed v. State, 539 So.2d 580 (Fla. 5th DCA 1989).
The Florida Supreme Court now has reversed this court’s decision in Pope and requires that, where a sentence is vacated for lack of written reasons, resentencing on remand must be within the guidelines. Pope v. State, 561 So.2d 554 (Fla.1990).
The state opposes what it terms a retroactive application of Pope to this case. The state claims that the trial court, which *709 imposed sentence before the supreme court’s Pope decision, was entitled to rely on case law as it existed at that time. However, this case is a “pipeline case,” and, therefore, the question of retroactivity is not implicated. A “pipeline case” is one in which a conviction is not final by trial or appeal at the time a controlling decision is issued by the supreme court. Smith v. State, 496 So.2d 983 (Fla. 3d DCA 1986). The appellate process is not completed until a mandate is issued. Thibodeau v. Sarasota Memorial Hospital, 449 So.2d 297 (Fla. 1st DCA 1984). Since the time has not expired for issuance of a mandate in this case, and since appellant is entitled to the benefit of the law at the time of appellate disposition, we are required to apply the Pope rule at this time. Cantor v. Davis, 489 So.2d 18 (Fla.1986); State v. Castillo, 486 So.2d 565 (Fla.1986); Wheeler v. State, 344 So.2d 244 (Fla.1977); McIntire v. State, 381 So.2d 1154 (Fla. 5th DCA 1980).
This principle, that the law in effect at the time of appeal should be applied, is applicable to motions for rehearing. See, e.g., Williams v. State, 546 So.2d 1120 (Fla. 4th DCA 1989); Winfield v. State, 503 So.2d 333 (Fla. 2d DCA 1986).
We recognize that a motion for rehearing of Pope is pending before our supreme court. The state contends that application of the Pope rule would be improper before a decision is made on the motion for rehearing but cites not authority, nor have we found a case to support that contention. Additionally, the Pope rule, as established by the supreme court, has already been applied. Allen v. State, 561 So.2d 1339 (Fla. 2d DCA 1990); Dyre v. State, 560 So.2d 429 (Fla. 5th DCA 1990).
We grant the motion for rehearing, vacate the sentences previously imposed, and reluctantly call upon the trial judge to sentence Reed for the third time. Sentencing shall be within the guidelines.
Sentence VACATED; REMANDED.
DAUKSCH and COBB, JJ., concur.