OWEN, WILLIAM C., Jr., Senior Judge.
On a four count information appellant was convicted of Count II, sexual battery with slight force, for which he was sentenced to twenty years as an habitual felony offender, and Count IV, attempted robbery, for which he was sentenced to five years concurrent with credit for jail time served. We affirm both the judgment and the sentences, as herein modified.
Appellant’s first two points concern evidentiary rulings, neither of which, if error, was harmful nor requires discussion. Appellant was sentenced as an habitual felony offender under section 775.084, Flor-ida Statutes (1989). His challenge to the constitutionality of the amendments to that statute contained in chapter 89-280, Laws of Florida, is academically sound. State v. Johnson, 616 So.2d 1 (Fla.1993). However, he is entitled to no relief because he was not affected by the amendments to the statute as contained in chapter 89-280. Id.
With respect to the sentencing, the court, without making the required statutory findings of fact,[1] classified appellant as an habitual felony offender and pronounced sentence. This was error. Rolle v. State, 586 So.2d 1293 (Fla. 4th DCA 1991). Notwithstanding, appellant is entitled to no relief in this respect because the error is clearly harmless. State v. Rucker, 613 So.2d 460 (Fla.1993). At the sentencing hearing the State not only produced evidence of appellant’s prior felony convictions which qualified him for habitual felony offender status, but also produced evidence sufficient to show that such convictions had not been pardoned or set aside. Additionally, appellant’s trial counsel confirmed the factual correctness relating to appellant’s felony offenses although contesting unrelated matters appearing on a guidelines score sheet. As noted in Ruck-er, to remand for resentencing under these circumstances would result in mere legal churning.[2]
The court did not at the time of sentencing enter an order of restitution nor reserve the right to do so at a later time. Rather, twelve days later and after appellant had commenced serving his sentence, the court filed a written order requiring restitution, reserving until a subsequent date a determination of the amount. While the court may order restitution at the time of sentencing and reserve to a later date the determination of the amount, see generally, Hatcher v. State, 591 So.2d 1134 (Fla. 4th DCA), review denied, 599 So.2d 1278 (Fla.1992), it may not order restitution except as a part of the sentence. Once the sentence has been pronounced and the defendant has commenced serving that sentence it may not be increased. Cherry v. State, 439 So.2d 998 (Fla. 4th DCA 1983); Gonzalez v. State, 384 So.2d 57 (Fla. 4th DCA 1980); see also Singletary v. State, 530 So.2d 460 (Fla. 5th DCA 1988) (probation condition requiring defendant to make restitution stricken where it was not imposed at sentencing); Pooley v. State, 403 So.2d 593 (Fla. 1st DCA 1981) (legal sentence cannot be increased after defendant had begun serving it); In Interest of D.T., 477 So.2d 1086 (Fla. 4th DCA 1985) (trial court had no authority to impose restitution after entry and performance of probation or community control order which contained no order of restitution). The untimely order of restitution must be quashed. Glee v. State, 539 So.2d 14 (Fla. 4th DCA 1989) (order granting restitution quashed because when the sentence was imposed the trial court failed to retain jurisdiction to order restitution). Contra, Grice v. State, 528 So.2d 1347 (1st DCA 1988); cf. State v. Butz, 568 So.2d 537 (Fla. 4th DCA 1990).
The written judgment incorrectly reflects that sexual battery with slight force is a first degree felony, and the state concurs *846 that the judgment should be corrected to reflect that the offense is a second degree felony.
The judgment is modified to reflect that the offense for which appellant was convicted under Count II of the Information is a second degree felony, and as modified is affirmed. The order granting restitution is quashed and in all other respects the sentences on Counts II and IV are severally affirmed.
ANSTEAD and STONE, JJ., concur in part and dissent in part with opinions.

. The court’s discussion with the prosecutor and appellant's counsel concerning appellant’s prior criminal record (as disclosed by the presentence investigation) may have led the court to believe that appellant had waived the necessity for making any factual findings.

. We take this opportunity to again remind that section 775.084(3j(d) requires express findings. See Walker v. State, 462 So.2d 452 (Fla.1985).