PER CURIAM.
The appellant was convicted of several drug offenses, and sentences were orally pronounced. Later during the same day the court ordered the revocation of the appellant’s driver’s license pursuant to section 322.055(1), Florida Statutes (1993). The appellant contends that this was an additional sentence which was impermissibly imposed in violation of the constitutional protection against double jeopardy. We conclude that it is unnecessary to decide whether the section 322.055(1) revocation constituted a sentence for double jeopardy purposes, as it was not shown on the record below that the appellant had actually begun serving the sentence originally pronounced, and double jeopardy concerns are thus not implicated by the later sentencing correction. See Rizzo v. State, 430 So.2d 488 (Fla.App. 1st DCA), review denied, 440 So.2d 353 (Fla.1983); see also Williams v. United States, 422 F.2d 1318 (5th Cir.1970). The appealed order is therefore affirmed.
MINER, ALLEN and LAWRENCE, JJ., concur.