789 So.2d 394 (2001)
Sylvester Eugene CURTIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2530.
District Court of Appeal of Florida, Fourth District.
May 16, 2001.
Rehearing Denied July 11, 2001.
*395 Carey Haughwout, Public Defender, and Benjamin W. Maserang, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kristine Keaton, Assistant Attorney General, Fort Lauderdale, for appellee.
DELL, J.
Sylvester Curtis appeals from a sentence of 17.8 months in prison, imposed after he was found guilty of violating his probation for possession of cocaine. We affirm.
The trial court sentenced appellant under the 1995 sentencing guidelines to a downward departure sentence. As its reason for departure, the trial court found that appellant had a drug addiction and was amenable to treatment. The State did not object to the sentence. After the trial court had pronounced sentence and appellant had left the courtroom, the trial court resumed with other matters. At that point, the State advised the trial court that it should have sentenced appellant under the 1998 sentencing guidelines. Appellant was returned to the courtroom. The trial court concluded that it had rendered an illegal sentence and over appellant's objection, sentenced him to a guidelines sentence of 17.8 prison months under the 1998 sentencing guidelines.
Appellant contends that his revised sentence violates double jeopardy because the sentencing hearing was concluded and his sentence had commenced when he was returned to the courtroom for re-sentencing. However, the record does not show that he had reached his place of incarceration when the trial court recalled his case nor does it support appellant's argument that he had commenced serving his sentence.
In Williams v. United States, 422 F.2d 1318 (5th Cir.1970), the trial court sentenced the defendant to concurrent terms of four years on each of two counts. Later that same day, before the defendant left the courthouse, the trial court returned him to the courtroom and re-sentenced him to two consecutive four year terms. The trial court explained that it had intended to say "consecutively" instead of "concurrently" at the earlier sentencing. The court wrote:
When a defendant has not been transferred from the court's custody to a place of detention at the time his sentences are altered, service of the sentences has not officially commenced, and defendant's rights are not impinged by the trial court's timely alteration of his sentences. [Citations omitted.] Williams had not been removed from the trial court's custody and thus had not commenced service of his sentence. Therefore, the court's correction of his sentence was permissible. We affirm the judgment of the district court.
Id. at 1318.
The First District Court of Appeal in Rizzo v. State, 430 So.2d 488 (Fla. 1st DCA *396 1983), rev. denied, 440 So.2d 353 (Fla. 1983), pointed out that:
It is well established that once a defendant has begun a lawfully-imposed sentence, the defendant may not thereafter be re-sentenced for an increased term of incarceration. [Citations omitted.] However, as the United States Supreme Court indicated in Bozza v. U.S., 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947), "the Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner," and as our own court has held in Williams v. State, 365 So.2d 201 (Fla. 1st DCA 1978), a trial court need not adhere to a sentence "merely because it has been announced." Accord, Kroll v. U.S., 433 F.2d 1282 (5th Cir.1970); Williams v. U.S., 422 F.2d 1318 (5th Cir.1970). The record in the present case does not suggest that the written judgment and sentence forms had been filed, or that appellant had commenced service of his sentence ...
Id. at 488-489. We agree with the First District that where the record does not show that a defendant has begun serving his sentence, double jeopardy is not implicated. See Crisel v. State, 677 So.2d 95 (Fla. 1st DCA 1996). In Crisel, appellant appeared for sentencing for several drug offenses and his sentences were orally pronounced. Later during the same day, the court ordered appellant's driver's license revoked. On appeal, the court, relying on Rizzo and Williams, rejected appellant's argument that this was an additional sentence that violated double jeopardy, finding that it was not shown on the record that appellant had actually begun serving the sentence originally pronounced. Id.
We hold that the trial court had the authority to increase appellant's sentence and that the increased sentence did not violate double jeopardy, because appellant had not begun serving his sentence and was still in court custody.
AFFIRMED.
GUNTHER and KLEIN, JJ., concur.