MAY, J.
 

 The defendant appeals his sentence for possession of cannabis less than 20 grams, contributing to the delinquency or dependency of a child, and delivery of a controlled substance to a minor. He argues that the trial court improperly considered a pending charge from another county and violated his right against double jeopardy in sentencing him. We disagree and affirm.
 

 The State charged the defendant with possession of cannabis less than 20 grams, contributing to the delinquency or dependency of a child, and delivery of a controlled substance to a minor. On June 10, 2008, the defendant entered a written plea of not guilty. On August 11, 2008, the
 
 *159
 
 defendant changed his plea to no contest. The State agreed to recommend a two-year prison sentence with special conditions to run consecutive to any other sentence. The plea form indicated that the court would not be bound by the recommendation.
 

 That same day, the trial court reviewed the defendant’s change of plea form, the State’s recommendation, and the defendant’s prior criminal history. The trial court indicated its concern over the defendant’s prior history and the current charges and refused to be bound by the State’s recommendation. The defendant agreed to plead open to the court.
 

 The court conducted the sentencing hearing the next day. The court pronounced the sentence of a year in the county jail with credit for ninety-two days on the two first degree misdemeanors, and five years in prison on the second degree felony; all counts to run concurrent with each other. At this point, prior to the court signing the judgment, the fingerprinting of the defendant, or the removal of the defendant from the courtroom, defense counsel inquired whether the sentence was concurrent or consecutive to the sentence the defendant was serving. The court responded that the sentence was to be consecutive. The court then informed the defendant that he had thirty days to appeal the judgment and wished the defendant good luck.
 

 The defendant then asked if he had to do time in the county jail before serving his time in state prison. The court answered no and asked “out of curiosity” what crime the defendant was currently serving. The court then learned for the first time that there were pending charges in Indian River County for unlawful sex acts with a minor. The judge asked the State for more information, which the State did not possess. The judge then ■withdrew his prior pronouncement, and continued the sentencing for a few minutes.
 

 On recall, the court reviewed the affidavit in the pending case, which revealed that the thirty-one-year-old defendant admitted to having sex with a seventeen-year-old girl, who was partially blind and had a mental disability. Defense counsel told the court that he believed only convictions could be considered in sentencing. The court responded that it could consider even non-charged criminal behavior. The court told the defendant that he could say anything he wished, but warned him that his statements could be used in the Indian River case. The defendant advised the court that he had nothing to say. The court then stated:
 

 Okay. Well my guess is that ... this will ... this will end up being either a direct or collateral issue, but I think I’m on firm ground here with respect to vacating the prior sentence upon learning of the, learning of the existence of this case. The Sentencing proceeding had effectively not terminated, Mr. Whitehead had not been fingerprinted, had not moved may be more [than] five feet from the podium, so it was a continuous series. Since this was entered as a joint agreement between the parties in terms of disposition, the State has not deviated from that in a way, shape or form, so that is not an issue. In addition, when I took the plea yesterday I took it with the specific understanding that Mr .... by Mr. Whitehead that this was not binding on the Court. I do think that constitutionally I am permitted to consider the pending case as an appropriate consideration during sentencing here, and I quite frankly agree that this sheds some additional light on Mr. Whitehead’s behavior with respect to juveniles in a way that is relevant taking into
 
 *160
 
 consideration the recitation of facts in the St. Lucie County case, and his behavior with juveniles’ in this particular case. That being the case I still wish to give Mr. Whitehead the benefit for the entry of his plea, but it’s not going to be the same benefit. And sir, I think that that information from Indian River County in the form of the Arrest Affidavit just sheds up much greater light on your complete disregard for the impact of your actions on children. Taking that into account along with this abysmal pri- or record what I’ll do is this, and quite frankly sir I ... I think you deserve the 17 years in adding this all up....
 

 (No alterations). The court then sentenced the defendant to a year in county jail on the two misdemeanors and ten years in the Department of Corrections for the second degree felony with all counts to run concurrent.
 
 [1]
 
 From this sentence, the defendant now appeals.
 

 A defendant must preserve a sentencing error by objecting at the time of sentencing or in a motion under Florida Rule of Criminal Procedure 3.800(b). Fla. R.App. P. 9.140(e). Here, the defendant entered his plea without reserving the right to appeal, but preserved the error by filing a rule 3.800(b) motion.
 
 See Brannon v. State,
 
 850 So.2d 452 (Fla.2003).
 

 The defendant makes two arguments in this appeal. First, he argues the trial court improperly considered a pending charge in determining his sentence. In doing so, he relies on
 
 State v. Potts,
 
 526 So.2d 63 (Fla.1988) and
 
 Seays v. State,
 
 789 So.2d 1209 (Fla. 4th DCA 2001). Second, he argues the court violated his right against double jeopardy by re-sentencing him after having previously pronounced the sentence.
 

 “The United States Supreme Court has held that it is not a violation of a defendant’s constitutional rights to consider other relevant factors when determining an appropriate sentence.”
 
 Dowling v. State,
 
 829 So.2d 368, 371 (Fla. 4th DCA 2002) (citing
 
 Roberts v. United States,
 
 445 U.S. 552,100 S.Ct. 1358, 63 L.Ed.2d 622 (1980)). We have held:
 

 [A] trial court can consider a defendant’s prior arrests not leading to convictions for purposes of sentencing so long as the court recognizes that these arrests are not convictions or findings of guilt, and the defendant is given an opportunity to explain or offer evidence on the issue of his prior arrests.
 

 Id.
 
 (quoting
 
 Jansson v. State,
 
 399 So.2d 1061,1064 (Fla. 4th DCA 1981)).
 

 We find no error in the trial court’s consideration of the defendant’s pending charge in Indian River County because it was relevant to the sentencing of the defendant. Unlike
 
 Potts
 
 and
 
 Seays,
 
 the defendant was not punished for his pending charge, and he had not been acquitted of the pending charge. Instead, the pending charge was certainly relevant to the sentencing because it involved the defendant’s conduct toward minors. The judge stressed this point during the sentencing. Further, the defendant was given the opportunity to explain or offer evidence on the issue of his prior arrest in Indian River. Thus, the court complied with the requirements of
 
 Dowling.
 

 The more troubling issue is the defendant’s double jeopardy argument. A sentence can be changed if it is done at the same sentencing hearing, before the defendant has commenced serving his sentence.
 
 *161
 

 See Curtis v. State,
 
 789 So.2d 394, 395-96 (Fla. 4th DCA 2001);
 
 see also Chaney v. State,
 
 617 So.2d 844, 845 (Fla. 4th DCA 1993);
 
 Moore v. State,
 
 538 So.2d 123, 124 (Fla. 1st DCA 1989). Until the sentencing hearing comes to an end, “the trial court has jurisdiction to modify, vacate, correct, change, amend, alter or vary, increase or decrease, any earlier, in effect inchoate, pronouncement.”
 
 Farber v. State,
 
 409 So.2d 71, 73 (Fla. 3d DCA 1982).
 

 The question then becomes whether the sentencing hearing had concluded and the defendant had begun serving his sentence. In
 
 Curtis,
 
 the trial court pronounced a sentence, the defendant left the courtroom, and the trial court resumed hearing other cases when the State advised the court that it pronounced an illegal sentence.
 
 Curtis,
 
 789 So.2d at 395. The defendant returned to the courtroom, and over defense objection, the trial court sentenced the defendant to a longer period of time.
 
 Id.
 
 The defendant appealed and made the same double jeopardy argument.
 
 Id.
 
 We held “that the trial court had the authority to increase appellant’s sentence and that the increased sentence did not violate double jeopardy, because appellant had not begun serving his sentence and was still in court custody.”
 
 Id.
 
 at 396.
 

 As the Fifth Circuit has written: When a defendant has not been transferred from the court’s custody to a place of detention at the time his sentences are altered, service of the sentences has not officially commenced, and defendant’s rights are not impinged by the trial court’s timely alteration of his sentences. [Citations omitted.] Williams had not been removed from the trial court’s custody and thus had not commenced service of his sentence. Therefore, the court’s correction of his sentence was permissible.
 

 Id.
 
 at 395 (quoting
 
 Williams v. United States,
 
 422 F.2d 1318, 1318 (5th Cir.1970)). “[S]entencing should [not] be a game in which a wrong move by the judge means immunity for the prisoner.”
 
 Id.
 
 at 396 (quoting
 
 Bozza v. United States,
 
 330 U.S. 160, 166-67, 67 S.Ct. 645, 91 L.Ed. 818 (1947)).
 
 [2]
 

 Here, the defendant had not been fingerprinted, had not left the courtroom, and had not begun to serve his sentence when the trial court continued the sentencing hearing for a few minutes to obtain additional information. Although a few minutes transpired between the initial and final pronouncement of the sentence, the court advised the parties that the hearing was to be continued while the court obtained additional information.
 

 We find that the trial court neither ran afoul of the defendant’s due process rights nor his protection against double jeopardy. The judgment and sentence are therefore affirmed.
 

 Affirmed.
 

 DAMOORGIAN and CIKLIN, JJ„ concur.
 

 [1]
 

 . The defendant filed a motion to correct a sentencing error, but the trial court did not rule on the motion.
 

 [2]
 

 . The defendant argues that the resumed sentencing hearing was actually a rehearing, relying on
 
 Ashley v. State,
 
 850 So.2d 1265 (Fla. 2003),
 
 Troupe v. Rowe,
 
 283 So.2d 857 (Fla. 1973), and
 
 Freeman v. State,
 
 980 So.2d 629 (Fla. 2d DCA 2008). We disagree. Unlike
 
 Ashley,
 
 the defendant had not begun to serve his sentence. This case is also unlike
 
 Troupe
 
 and
 
 Freeman,
 
 where the sentencing hearings had concluded, time had passed, and the lawyers requested the court to revisit the sentence. Here, the judge immediately withdrew his pronouncement and continued the sentencing hearing to obtain additional information.