958 So.2d 1019 (2007)
Tywan OBARA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-3580.
District Court of Appeal of Florida, Fifth District.
June 1, 2007.
Rehearing Denied July 5, 2007.
*1020 James S. Purdy, Public Defender, and Robert E. Wildridge, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Tywan Obara[1] appeals his judgments and sentences for fleeing or attempting to elude a police officer, grand theft of a motor vehicle, driving while license suspended or revoked, and reckless driving. The issue we must resolve is whether the trial court violated Mr. Obara's double jeopardy rights by recalling him after his sentencing hearing had concluded and resentencing him to a term greater than that earlier pronounced. We conclude a double jeopardy violation did occur, reverse Mr. Obara's sentences and remand for resentencing consistent with the original plea agreement.
Pursuant to a written plea agreement with the State, Mr. Obara pled guilty to his charges with the understanding that he would be sentenced to twenty-two months in prison. The plea agreement contemplated that he would be released on his own recognizance pending sentencing, subject to the following conditions:
(1) I must appear at the probation office at 2853 Garden Street, Titusville, FL 32922 . . . and schedule a presentence investigation interview no later than the first business day following the entry of my plea.
(2) I must obey the order of the Court requiring me to undergo drug or alcohol screening or for other evaluation if such an order has been made in my case.
(3) I must appear on time for all appointments with the assigned probation officer and not be under the *1021 influence of any illegal drugs or alcohol.
(4) I must appear in court on time for sentencing and not be under the influence of any illegal drugs or alcohol.
(5) I must have no contact with the victim (Direct or Indirect).
(6) I must not be arrested for a violation of any criminal law. If clear and convincing evidence is found to support my arrest, the arrest will constitute a violation of this plea agreement.
The plea agreement also provided:
I understand and agree that if I fail to comply with any of the conditions set forth above I will have breached my plea agreement. In that event I will not be allowed to withdraw my plea and the Court may sentence me to any sentence authorized by law for the offense(s) to which I have pled, including the statutory maximum penalty for each crime to which I have pled under this document.

(Emphasis added). During the plea hearing, the trial judge informed Mr. Obara that:
What this means is if you commit a new law offense, if you fail to appear at the time I'm going to set for your sentencing, if you violate any of the other conditions I'm going to put on here while you're out, then you come back and I can sentence you up to that ten years and a hundred and twenty days that we talked about and you won't have any way to complain about it.
. . . .
And, of course, no drugs or  well, alcohol okay, but no drugs.
Mr. Obara acknowledged that he understood the conditions of the plea agreement and was released pending sentencing.
Some weeks later, Mr. Obara appeared as required for sentencing, and the trial court imposed the agreed upon twenty-two-month prison term. He was immediately taken into custody and removed from the courtroom to a nearby holding cell where he was searched. The search revealed two small baggies of marijuana hidden in his shoes. The discovery of the drugs was brought to the trial judge's attention about ten minutes later. Mr. Obara was promptly recalled to the courtroom. Following a hearing, the trial judge concluded that he had violated the conditions of his plea agreement by possessing marijuana during his sentencing hearing. Thereafter, over defense counsel's objection, the trial judge resentenced Mr. Obara to concurrent terms of five years in prison.
We find the instant case to be controlled by the supreme court's holding in Ashley v. State, 850 So.2d 1265 (Fla.2003), that once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles. See also Shepard v. State, 940 So.2d 545 (Fla. 5th DCA 2006). The State tried to distinguish Ashley, arguing that double jeopardy principles are not implicated because Mr. Obara had not begun to serve his sentence, as he had not yet been transferred from the court's custody. We acknowledge that in Curtis v. State, 789 So.2d 394 (Fla. 4th DCA 2001), the fourth district court adopted the State's view.[2] However, Curtis overlooked the supreme court's decision in Troupe v. Rowe, 283 So.2d 857 (Fla.1973). In Troupe, the trial court accepted the defendant's plea, imposed *1022 sentence and concluded the sentencing proceedings. Later that day, the trial court changed its mind, declined to accept the plea and ordered the parties to proceed to trial. The Florida Supreme Court entered an order prohibiting the retrial of the defendant finding that a "final, conclusive judgment and sentence" had been pronounced by the trial judge. Troupe, 283 So.2d at 858. Accordingly, the supreme court found that jeopardy had attached, notwithstanding the short time period between the conclusion of the initial sentencing proceeding and the trial court's decision to reject the previously accepted plea. Id. at 860. Our decisions in Colon v. State, 905 So.2d 1000 (Fla. 5th DCA 2005), and Comtois v. State, 891 So.2d 1130 (Fla. 5th DCA 2005), are consistent with Troupe.[3]
Mr. Obara is also entitled to the benefit of his originally imposed sentence because his conduct, while unlawful, did not violate the express conditions of his written plea agreement. "A plea agreement is a contract and the rules of contract law are applicable to plea agreements." Garcia v. State, 722 So.2d 905, 907 (Fla. 3d DCA 1998). "When a contract is clear and unambiguous, the court is not at liberty to give the contract `any meaning beyond that expressed.' Further, when the language is clear and unambiguous, it must be construed to mean `just what the language therein implies and nothing more.'" Walgreen Co. v. Habitat Dev. Corp., 655 So.2d 164, 165 (Fla. 3d DCA 1995) (citations omitted). Because the terms of Mr. Obara's plea agreement are clear and unambiguous, the agreement must be enforced. The State concedes that Mr. Obara was not under the influence of drugs at the time of his sentencing nor had he been arrested for a violation of the law. Hence, no violation of the express terms of the agreement occurred prior to sentencing. Had the drugs been discovered earlier, he could have been arrested and would have been in violation of his plea agreement, but since the discovery occurred after the sentencing hearing concluded, no violation of the express terms of the agreement occurred.
For these reasons, we reverse Mr. Obara's sentences and remand for resentencing consistent with the original plea agreement. Should the State wish to pursue criminal charges against Mr. Obara for possession of drugs at the time of sentencing, it is, of course, free to do so.
REVERSED AND REMANDED FOR RESENTENCING.
PLEUS, C.J. and EVANDER, J., concur.
NOTES
[1] The record refers to the appellant as both Tywan Obara and Tywan O'Bara.
[2] See also Williams v. United States, 422 F.2d 1318 (5th Cir.1970) (holding that when defendant has not been transferred from court's custody to place of detention at the time his sentences are altered, service of sentences has not officially commenced, and defendant's rights are not impinged by trial court's timely alteration of his sentences).
[3] Curtis is also distinguishable in that it dealt with an illegal sentence. See Curtis (calling defendant back to courtroom for resentencing was not error when the trial court mistakenly used the 1995 sentencing guidelines instead of the 1998 sentencing guidelines in the original sentence). Similarly, in Shepard, when reversing the trial court's increased sentence, this Court noted that it was significant to our analysis that "the trial judge's originally pronounced sentence was neither ambiguous nor illegal." Shepard, 940 So.2d at 547 (citing Comtois). In Mr. Obara's case, the originally pronounced sentence was neither illegal nor ambiguous.