DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AMANDA LEE HOBGOOD,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-1395

[March 18, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert R. Makemson, Judge; L.T. Case No. 562010CF003550A.

Carey Haughwout, Public Defender, and Nan Ellen Foley, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

Appellant appeals her 55.2-month prison sentence and the imposition of costs of incarceration for her conviction of attempted robbery with a weapon. Appellant claims that the trial court violated double jeopardy by recalling her case to resentence her to a longer term after it orally imposed a 48-month sentence and concluded the sentencing hearing. We agree, and reverse and remand with instructions for the trial court to resentence appellant according to the original pronouncement. As to the costs of incarceration issue, we find the trial court did not err and we affirm.

Appellant appeared before the trial court to change her plea to no contest to one count of attempted robbery with a weapon. The court apprised appellant that the maximum penalty would be fifteen years, and the state noted that appellant scored "55.2 months prison." The parties agreed that there was no "minimum mandatory." The court also advised appellant that sentencing would be "entirely up to the court" and that there was no agreement between the state and appellant regarding a recommended sentence. The prosecutor presented a factual basis for the

charges, and the trial court accepted appellant's no contest plea.

Subsequently, the trial court held a sentencing hearing, where it noted that the "lowest permissible prison sentence" was 55.2 months. Appellant requested a sentence of five years concurrent to an unrelated sentence she was already serving, and the state requested ten years consecutive to the unrelated sentence.

The trial court adjudicated appellant guilty and sentenced her to "four years" or 48 months to run consecutive to the unrelated sentence. The state did not object, and proceeded to move for appellant to pay costs of incarceration. The trial court asked appellant if she had "any legal objection" and appellant said, "No sir." The court advised appellant that she would be fingerprinted and "remanded to the sheriff." At that point the proceedings concluded.

At some time later that same day,[1] the trial court granted the state's request to recall the case. The state pointed out that "there were no findings of why the sentence is below guidelines." The trial court stated that it "overlooked the fact that there was a lowest permissible [sentence] of 55.2 [months]." Defense counsel told the court she did not know if the court could "enhance after already rendering sentence." The trial court then stated it wanted the record to reflect that:

> [Appellant] was fingerprinted in open court, she was sent to the holding cell, I believe she was taken downstairs to the courthouse and then brought back up. Uh, I will be very candid, it was error on my part I had overlooked the fact that it was a 55.2 minimum, uh, so I guess the question is what is the authority of the court now?

The state argued that "right now she has an illegal sentence. So I mean if she gets shipped off to DOC, we're just going to file an appeal, you know, without written findings of a downward departure, right now we're dealing with an illegal sentence." Defense counsel stated she could not argue for the court "to increase – sentencing after imposing it." The trial court stated it understood and proceeded to sentence appellant:

> I'm going to go ahead and impose the lowest permissible prison sentence. Whether that turns out to be an error on my

---

[1] The hearing ended and the transcript reveals "(Off record – record resumes)," without any indication as to the time that passed between the record ending and resuming, nor whether other proceedings took place in between.

2

part, we'll find out I suppose. But it was not my intention to enter a departure sentence, I did not realize it was a departure sentence when I imposed it. If the appellate court determines that sentencing had been concluded and I cannot increase the sentencing, so be it, but I'm going to now, uh, sentence her to 55.2 months in Department of Corrections in this case, again, consecutive to the [unrelated sentence].

Appellant moved to correct sentence, arguing that the increased sentence violated double jeopardy. The trial court denied appellant's motion, and this appeal ensued.

### *The Legality of Appellant's Initial Sentence*

"The standard of review for the legality of a criminal sentence is de novo." *State v. Valera*, 75 So. 3d 330, 331-32 (Fla. 4th DCA 2011).

The state argued at trial and argues now on appeal that appellant's original 48-month sentence was "illegal," because it fell below the Criminal Punishment Code Scoresheet's "lowest permissible sentence." Appellant did not move for a downward departure, and the trial court did not make "either written or oral findings" justifying a departure. Thus, the state asserts the 48-month sentence was an illegal sentence because it was an improper downward departure, and imposition of the 55.2-month sentence did not violate double jeopardy. *See Plute v. State*, 835 So. 2d 368, 369 (Fla. 2d DCA 2003) ("It is well established that a harsher sentence may be imposed on resentencing in such a context [i.e., where the defendant's original sentence was illegal] without violating double jeopardy."); *State v. Swider*, 799 So. 2d 388, 391 (Fla. 4th DCA 2001) ("A trial court may vacate an illegal sentence and impose a harsher sentence without violating the defendant's double jeopardy rights.").

The Florida Supreme Court defines an "illegal sentence" as "one that imposes a punishment or penalty that no judge under the entire body of sentencing statutes and laws could impose under any set of factual circumstances." *State v. Akins*, 69 So. 3d 261, 268-69 (Fla. 2011) (citation omitted). This definition provides that "if it is possible under all the sentencing statutes-given a specific set of facts-to impose a particular sentence, then the sentence will not be illegal within rule 3.800(a) even though the judge erred in imposing it." *Carter v. State*, 786 So. 2d 1173, 1178 (Fla. 2001) (quoting *Blakley v. State*, 746 So. 2d 1182, 1187 (Fla. 4th DCA 1999)). In *Blakley*, this court discerned a "very short list of sentences that can be deemed illegal," including: "(1) those sentences in excess of the statutory maximum; (2) those sentences that fail to give credit for record

jail time; and (3) those sentences that violate double jeopardy by a post sentencing enhancement clear from the record." *Id.* at 1185-86. The supreme court has also "previously rejected, [] the contention that the failure to file written findings for a departure sentence constitutes an illegal sentence." *Davis v. State*, 661 So. 2d 1193, 1196 (Fla. 1995), *disapproved of on other grounds by Mack v. State*, 823 So. 2d 746, 748-49 (Fla. 2002). *See also Gartrell v. State*, 626 So. 2d 1364, 1364 (Fla. 1993) (holding that "a sentence to less than the guidelines range without written reasons" is not an "illegal sentence" within the meaning of Florida Rule of Criminal Procedure 3.800(a)).

The Criminal Punishment Code defines the "lowest permissible sentence" as the "the minimum sentence that *may* be imposed by the trial court, absent a valid reason for departure." § 921.0024(2), Fla. Stat. (2013) (emphasis added). The Code allows for imposition of sentences that are *less than* the "lowest permissible sentence." *See id.*; *see also* § 921.002(1)(f), Fla. Stat. (2013) ("Departures below the lowest permissible sentence established by the code must be articulated in writing by the trial court judge and made only when circumstances or factors reasonably justify the mitigation of the sentence.").

In the instant case, the court calculated the "lowest permissible sentence" to be 55.2 months. A sentence of 48 months would have been permissible under the Code as a downward departure, assuming all other requirements for such departure were met. *See id.* Thus, the 48-month sentence is not "illegal," because it is not "one that imposes a punishment [] that no judge under the entire body of sentencing statutes and laws could impose under any set of factual circumstances." *Akins*, 69 So. 3d at 268-69. Rather, the 48-month sentence would have been legal "even though the judge erred in imposing it," because it would have been possible under "the sentencing statutes-given a specific set of facts" to impose it. *Carter*, 786 So. 2d at 1178 (citation omitted).

The cases cited by the state in arguing that the 48-month sentence was illegal are distinguishable, because the "lowest permissible sentence" here was not "nondiscretionary" or a "minimum mandatory penalty," unlike the "illegal" sentences in the cited cases. *Cf. Dunbar v. State*, 89 So. 3d 901, 904, 906-07 (Fla. 2006) (holding that "the trial court did not violate double jeopardy principles by adding" a "nondiscretionary mandatory minimum term" later in its written sentencing order after the sentencing hearing was over and "without the parties present," because "[t]he trial court initially pronounced a sentence it had no discretion to impose" by not including the term in its oral pronouncement); *Curtis v. State*, 789 So. 2d 394 (Fla. 4th DCA 2001) (affirming the imposition of a more onerous sentence where

4

the trial court initially sentenced the defendant under sentencing guidelines from the wrong year, thereby making the initial sentence illegal). In the present case, because the initial sentence fell within the trial court's discretion, it was legally permissible.[2]

### *Double Jeopardy Analysis of the Initial Sentence*

"A double jeopardy claim based upon undisputed facts presents a pure question of law and is reviewed de novo." *Dunbar*, 89 So. 3d at 904 n.3 (*quoting Pizzo v. State*, 945 So. 2d 1203, 1206 (Fla. 2006)). "A defendant must preserve a sentencing error by objecting at the time of sentencing or in a motion under Florida Rule of Criminal Procedure 3.800(b)." *Whitehead v. State*, 21 So. 3d 157, 160 (Fla. 4th DCA 2009) (citing Fla. R. App. P. 9.140(e)). Here, appellant preserved the error by filing a rule 3.800(b) motion.

"A sentence can be changed if it is done at the same sentencing hearing, before the defendant has commenced serving his sentence." *Id.* Thus, "[u]ntil the sentencing hearing comes to an end, 'the trial court has jurisdiction to modify, vacate, correct, change, amend, alter or vary, increase or decrease, any earlier, in effect inchoate, pronouncement.'" *Id.* at 161 (quoting *Farber v. State*, 409 So. 2d 71, 73 (Fla. 3d DCA 1982)). "When a defendant has not been transferred from the court's custody to a place of detention at the time his sentences are altered, service of the sentences has not officially commenced, and defendant's rights are not impinged by the trial court's timely alteration of his sentences." *Id.* (citation omitted). "The question then becomes whether the sentencing hearing had concluded and the defendant had begun serving his sentence." *Id.*

In *Troupe v. Rowe*, 283 So. 2d 857 (Fla. 1973), the trial court accepted defendant's guilty plea and announced it would issue a "finding" of guilt rather than an "adjudication," over the state's objection. The record

[2] The state alternatively argues that it would have had the ability to appeal the 48-month sentence, because it fell below the lowest permissible sentence without valid, written reasons for downward departure. *See* § 921.002(1)(h), Fla. Stat. (2013) ("A sentence may be appealed on the basis that it departs from the Criminal Punishment Code only if the sentence is below the lowest permissible sentence."). However, the state failed to object to the trial court's oral pronouncement of 48 months, thereby failing to preserve the error and precluding it from a successful appeal. *See State v. Dort*, 929 So. 2d 1190, 1190-91 (Fla. 4th DCA 2006) (affirming "the circuit court's imposition of a downward departure sentence without providing written reasons or engaging in the proper analysis . . . because the state failed to preserve the issue in the trial court").

revealed that "a recess was taken, during which time other court proceedings were had, following which the hearing resumed . . . [with] a second assistant state attorney appearing before the court" reiterating "the State's vehement objection." *Id.* at 858. After some discussion, the court ultimately set aside the previously announced ruling and sentence and set the case for a new trial date. *Id.* at 859. On appeal, the Florida Supreme Court held that "[j]eopardy had attached in petitioner's case and the sentence which had been imposed could not thereafter be increased . . . in violation of defendant's constitutional guaranty not to be twice placed in jeopardy." *Id.* at 860. The supreme court "remanded for reinstatement of the trial judge's original sentences upon the pleas of guilty on the two offenses charged." *Id.*

Likewise, in *Obara v. State*, 958 So. 2d 1019 (Fla. 5th DCA 2007), the trial court imposed a prison term consistent with a plea agreement. The defendant "was immediately taken into custody and removed from the courtroom to a nearby holding cell where he was searched." *Id.* at 1021. After the search revealed two small bags of marijuana in the defendant's shoes, the court recalled him to the courtroom "about ten minutes later." *Id.* The court found the defendant violated the conditions of the plea agreement by possessing marijuana during the sentencing hearing and imposed a harsher sentence. On appeal, the state argued that the defendant "had not begun to serve his sentence, as he had not yet been transferred from the court's custody." *Id.* The Fifth District, relying upon *Troupe*, 283 So. 2d 857, concluded that the trial court's actions violated double jeopardy and reversed and remanded for resentencing consistent with the original plea agreement. *See also Shepard v. State*, 940 So. 2d 545, 546-48 (Fla. 5th DCA 2006) (holding that the trial court violated double jeopardy when it orally pronounced one of defendant's sentences as "concurrent" to others, but approximately fifty minutes later, recalled the parties and ordered all sentences be "consecutive" as intended, because the hearing had concluded, and the "originally pronounced sentence was neither ambiguous nor illegal").

In *Whitehead*, after orally pronouncing a sentence, the trial court "learned for the first time that there were pending charges [against defendant] . . . for unlawful sex acts with a minor." 21 So. 3d at 159. The trial judge continued the hearing, withdrew the prior sentence, and imposed a more onerous sentence in light of the other pending charges. On appeal, this court affirmed the more onerous sentence, finding that the trial court did not run afoul of defendant's protection against double jeopardy. This court specifically noted that "the defendant had not been fingerprinted, had not left the courtroom, and had not begun to serve his sentence when the trial court continued the sentencing hearing for a few

6

minutes to obtain additional information." *Id.* at 161. Thus, this court found jeopardy had not yet attached.

The facts in the instant case support a determination that appellant had begun serving her sentence and jeopardy had attached. The trial court orally imposed a 48-month sentence, and the state did not object. The "originally pronounced sentence was neither ambiguous nor illegal," as it would have been a legally permissible downward departure. *Shepard*, 940 So. 2d at 547. The trial court did not indicate that the hearing was being continued nor that the case would be recalled. *Cf. Whitehead*, 21 So. 3d at 161. Rather, the transcript reveals that the court engaged in formalities indicating that the hearing was concluded and the record ended. Appellant "was immediately taken into custody and removed from the courtroom to a nearby holding cell" after being fingerprinted. *Obara*, 958 So. 2d at 1021; *cf. Whitehead*, 21 So. 3d at 161 (finding that jeopardy did not attach where "the defendant had not been fingerprinted" and "had not left the courtroom"); *Curtis*, 789 So. 2d at 395 (finding that jeopardy did not attach even though "appellant had left the courtroom," because the trial court initially "rendered an illegal sentence" by sentencing appellant under incorrect guidelines). The trial court acknowledged what occurred before bringing appellant "back up" from the downstairs holding cell, and then it imposed the more onerous 55.2-month sentence. Under these facts, where the trial court did not initially impose an illegal sentence, we find that jeopardy attached and appellant had begun serving the initial sentence after the hearing concluded and she was fingerprinted, removed from the courtroom, and placed in a holding cell.

In summary, jeopardy attached to appellant's initial 48-month sentence after the court concluded the hearing, and appellant was removed from the courtroom and taken to a holding cell. Thus, the trial court violated appellant's right against double jeopardy by recalling her case and resentencing her to a more onerous term of incarceration where the initial sentence was not illegal. We reverse and remand for reinstatement of the 48-month sentence concurrent to the sentence appellant was serving on the unrelated case.

*Affirmed in part, reversed in part, and remanded with directions.*

GROSS and TAYLOR, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**