NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JOSEPH ANTONIO STORY,                    )
                                         )
          Appellant,                     )
                                         )
v.                                       )          Case No. 2D14-3425
                                         )
STATE OF FLORIDA,                        )
                                         )
          Appellee.                      )
                                         )

Opinion filed September 18, 2015.

Appeal from the Circuit Court for
Hillsborough County; Daniel L. Perry, Judge.

Howard L. Dimmig, II, Public Defender, and
Megan Olson, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa,
for Appellee.


WALLACE, Judge.

          Joseph A. Story appeals from sentences imposed following the revocation of

his community control.  We affirm the trial court's order revoking his community control and

affirm the sentence imposed on count three without comment, but we reverse the

sentences imposed on counts one and two and remand for correction of these sentences.

Joseph A. Story pleaded guilty to charges of domestic violence battery by strangulation, a third-degree felony; domestic violence battery, second or subsequent offense, also a third-degree felony; and aggravated battery with a deadly weapon, a second-degree felony.[1]  Pursuant to a plea agreement, Mr. Story was placed on two years' community control to be followed by three years' probation on each count.  Later, the State filed an amended affidavit alleging that Mr. Story violated several conditions of his community control.  He admitted to the violation of condition three, and on this basis, the trial court revoked his community control and sentenced him to 72.075 months in prison on count three and sixty months' prison on counts one and two.  Subsequently, Mr. Story filed a motion to correct sentence based on a scoresheet error and asked for a reduction of the sentence for count three to 65.325 months' prison.  The trial court granted the motion but sentenced Mr. Story to 65.325 months' prison on all three counts.

"Once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles."  Ashley v. State, 850 So. 2d 1265, 1267 (Fla. 2003).  Here, once Mr. Story began serving the sixty month sentences on counts one and two, jeopardy attached.  As a result, the sentences imposed when the trial court granted Mr. Story's motion to correct sentencing error violated double jeopardy because they increased the period of incarceration for counts one and two.  See Hobgood v. State, 166 So. 3d 840, 846 (Fla. 4th DCA 2015).  This is true even if the original sixty month sentences were incorrectly imposed.  See id. at 844-45 (explaining that even if the appellant's original forty-eight month sentence was an improper downward-departure sentence because it fell below

---

[1]See §§ 784.041(2)(a), .03(2), .045(1)(a)(2), Fla. Stat. (2013).

the Criminal Punishment Code Scoresheet's "lowest permissible sentence," it was nevertheless not an illegal sentence).[2]

Accordingly, we affirm the order revoking Mr. Story's community control and the amended sentence imposed on count three but reverse and remand for reinstatement of the sixty month sentences originally imposed on counts one and two.  Because resentencing in this case will be a ministerial act to correct a prior sentence, Mr. Story's presence at resentencing will not be required.  See Lecroy v. State, 954 So. 2d 747-48 (Fla. 4th DCA 2007).

Affirmed in part; reversed in part; remanded with directions.


BLACK and SLEET, JJ., Concur.

---

[2]We observe that the new sentences may simply have been the result of a scrivener's error; there is no evidence that the trial court was intentionally attempting to "correct" the original sentences to match the Criminal Punishment Code scoresheet by imposing the increased sentences on counts one and two.