# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3173

_____

JOHANNA L. KLINGLER,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Alachua County.
James M. Colaw, Judge.

October 15, 2018

PER CURIAM.

In this *Anders*[1] appeal, we affirm Appellant's judgment and sentence in all respects except one as discussed below.

On October 28, 2016, shortly after 1:00 a.m., Appellant was driving southbound in the northbound travel lanes of US Highway 441 when she crashed into a car that was traveling northbound. The crash killed two people, including a 4-year-old girl, and seriously injured two others. Appellant was intoxicated and driving 20-28 miles per hour over the speed limit at the time of the crash.

_____

[1] *Anders v. California*, 386 U.S. 738 (1967).

Appellant was charged with two counts of DUI manslaughter (counts I and II), two counts of DUI with serious bodily injury (counts III and IV), and one count of child neglect with great bodily harm (count V). She pled no contest to the charges, and as part of the plea, the State agreed to a sentencing cap of 40 years in prison. At the sentencing hearing, the trial court rejected Appellant's argument for a downward departure sentence and sentenced her to a total of 29 years in prison followed by 11 years of probation.[2] The overall sentence was legal, as was the individual sentence for count V.

Several hours after the sentencing hearing ended, after consulting with defense counsel and the prosecutor by email, the trial court modified the sentence for count V from 11 years of probation to 15 years in prison to be served concurrent with the prison sentences on the other counts. The modification had no impact on Appellant's total sentence—which remained 29 years in prison followed by 11 years on probation—and defense counsel agreed to the change because it meant that Appellant's probation would run on only one count.[3]

On appeal, after her appointed counsel filed an *Anders* brief, Appellant filed a pro se brief arguing that (1) the trial court violated her constitutional rights by modifying her sentence in her absence, and (2) defense counsel was ineffective in failing to withdraw her plea and inform her of the amended sentence. The

---

[2] The sentence was structured as follows: 5 years in prison on count III, followed by 5 years in prison on count IV, followed by 15 years in prison on count II, followed by 4 years in prison and 11 years of probation on count I, with a concurrent 11 years of probation on count V.

[3] The amended sentence significantly reduced Appellant's potential sentencing exposure upon a violation of probation. Under Appellant's original sentence, if she violated probation, she would be facing a total of 30 years in prison (15 years on count I and 15 years on count V) less the prison time she had served on count I. By contrast, under the amended sentence, Appellant would be facing only 15 years of prison on count I less any prison time she had served on that count.

second issue is meritless, but because the first issue appeared to have potential merit, we issued a *Causey*[4] order directing appointed counsel to file a supplemental brief "addressing whether the trial court violated Appellant's double jeopardy rights by exercising discretion and resentencing her to 15 years' imprisonment on Count V . . . several hours after imposing the original sentence of 11 years' probation, without her presence in the courtroom, and whether this necessitates resentencing with Appellant present."

The supplemental brief argued that the trial court violated Appellant's double jeopardy rights when it increased her original legal sentence on count V after the sentencing hearing ended and she began serving her sentence, but the brief also noted that the amended sentence on that count did not change the overall sentence and benefitted Appellant. The State argued in its answer brief that Appellant waived any double jeopardy claim because her sentence was the result of a negotiated plea that capped her prison sentence at 40 years.

We reject the State's waiver argument because the double jeopardy claim at issue in this case is not the type of claim that is deemed waived when the defendant enters a negotiated plea. *Cf. Novaton v. State*, 634 So. 2d 607, 609 (Fla. 1994) (holding that a negotiated plea waives a claim that double jeopardy bars dual convictions for the offenses to which the defendant pled). On the merits, we agree with the argument in the supplemental brief that the trial court violated Appellant's double jeopardy rights when it increased her original legal sentence on count V after the sentencing hearing ended. *See Ashley v. State*, 850 So. 2d 1265, 1267 (Fla. 2003) ("Once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles."); *Shepard v. State*, 940 So. 2d 545, 548 (Fla. 5th DCA 2006) ("[T]he trial court's pronouncement becomes final when the sentencing hearing ends."); *cf. Dunbar v. State*, 89 So. 3d 901, 906-07 (Fla. 2012) (holding that double jeopardy is not violated when the trial court adds nondiscretionary mandatory minimum terms to a

---

[4] *State v. Causey*, 503 So. 2d 321 (Fla. 1987).

sentence after the sentencing hearing because the defendant does not have a legitimate expectation of finality in an illegal sentence). The remedy for the double jeopardy violation in this case is reinstatement of the original sentence, not a resentencing hearing. *See Hobgood v. State*, 166 So. 3d 840, 847 (Fla. 4th DCA 2015).

Accordingly, we reverse the 15-year prison sentence on count V and remand for entry of an amended judgment and sentence reinstating the original 11-year probationary sentence on that count. Appellant need not be present for this ministerial act. *See Story v. State*, 174 So. 3d 1109, 1111 (Fla. 2d DCA 2015); *Charles v. State*, 59 So. 3d 291, 293 (Fla. 3d DCA 2011). Appellant's judgment and sentence is affirmed in all other respects.

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.

WETHERELL, BILBREY, and M.K. THOMAS, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Andy Thomas, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant; Johanna L. Klingler, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellee.