DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ZACHARY CARLTON DIXON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-575

[October 24, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 99CF003976AO2.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, C.J.

The defendant appeals from the trial court's order denying his motion for review of sentence pursuant to section 921.1402, Florida Statutes (2016). The defendant argues that neither the trial court's oral pronouncement denying the motion, nor the trial court's written order denying the motion, indicates that the court considered the factors outlined under section 921.1402. Instead, the defendant argues, the trial court's written order appears to indicate that the court merely relied on its evaluation of the factors outlined under section 921.1401, Florida Statutes (2016), when the court resentenced the defendant two years earlier.

In response, the state argues that the defendant failed to preserve this argument by not having brought this argument to the trial court's attention after the trial court's oral pronouncement and written order. The state also argues that, if the defendant is left to pursue a fundamental error argument, then no fundamental error exists because the record indicates that the court considered the section 921.1402 factors in denying the motion.

We agree with the state's two arguments.  We will first summarize the procedural history, and then address the state's arguments in turn.

### *Procedural History*

In 2016, the defendant, who as a juvenile had been convicted of first-degree murder and sentenced to life in prison without parole in 2003, filed a motion for resentencing pursuant to *Horsley v. State*, 160 So. 3d 393 (Fla. 2015), and section 921.1401, Florida Statutes (2015).  Section 921.1401 states, in pertinent part:

> (2) In determining whether life imprisonment or a term of years equal to life imprisonment is an appropriate sentence, the court shall consider factors relevant to the offense and the defendant's youth and attendant circumstances, including, but not limited to:
> (a)  The nature and circumstances of the offense committed by the defendant.
> (b)  The effect of the crime on the victim's family and on the community.
> (c)  The defendant's age, maturity, intellectual capacity, and mental and emotional health at the time of the offense.
> (d)  The defendant's background, including his or her family, home, and community environment.
> (e)  The effect, if any, of immaturity, impetuosity, or failure to appreciate risks and consequences on the defendant's participation in the offense.
> (f)  The extent of the defendant's participation in the offense.
> (g)  The effect, if any, of familial pressure or peer pressure on the defendant's actions.
> (h)  The nature and extent of the defendant's prior criminal history.
> (i)  The effect, if any, of characteristics attributable to the defendant's youth on the defendant's judgment.
> (j)  The possibility of rehabilitating the defendant.

Pursuant to section 921.1401, the trial court held an evidentiary hearing and entered a written order resentencing the defendant to twenty-eight years in prison.  In the written order, the trial court recited section 921.1401 as quoted above, and then expressly addressed each factor one-by-one as applied to the evidence presented.

Two years later, the defendant filed a "Motion for Review of Sentence Pursuant to Section 921.1402, Florida Statutes." Section 921.1402 states, in pertinent part:

(6) Upon receiving an application from an eligible juvenile offender, the court of original sentencing jurisdiction shall hold a sentence review hearing to determine whether the juvenile offender's sentence should be modified. When determining if it is appropriate to modify the juvenile offender's sentence, the court shall consider any factor it deems appropriate, including all of the following:

(a) Whether the juvenile offender demonstrates maturity and rehabilitation.

(b) Whether the juvenile offender remains at the same level of risk to society as he or she did at the time of the initial sentencing.

(c) The opinion of the victim or the victim's next of kin. The absence of the victim or the victim's next of kin from the sentence review hearing may not be a factor in the determination of the court under this section. The court shall permit the victim or victim's next of kin to be heard, in person, in writing, or by electronic means. If the victim or the victim's next of kin chooses not to participate in the hearing, the court may consider previous statements made by the victim or the victim's next of kin during the trial, initial sentencing phase, or subsequent sentencing review hearings.

(d) Whether the juvenile offender was a relatively minor participant in the criminal offense or acted under extreme duress or the domination of another person.

(e) Whether the juvenile offender has shown sincere and sustained remorse for the criminal offense.

(f) Whether the juvenile offender's age, maturity, and psychological development at the time of the offense affected his or her behavior.

(g) Whether the juvenile offender has successfully obtained a high school equivalency diploma or completed another educational, technical, work, vocational, or self-rehabilitation program, if such a program is available.

(h) Whether the juvenile offender was a victim of sexual, physical, or emotional abuse before he or she committed the offense.

(i) The results of any mental health assessment, risk assessment, or evaluation of the juvenile offender as to rehabilitation.

Upon receiving the motion, the trial court, consistent with section 921.1402, set a sentence review hearing. At the hearing, the defendant presented evidence relevant to nearly all of the section 921.1402 factors. During closing argument, defense counsel stated:

> A lot of these [921.1402] factors [were] already considered in the re-sentencing and the Court has already found these factors and considered them. However, there are . . . in terms of maturity, the victim input . . . this part is different because it considers risk assessment . . . what he has done to rehabilitate, and has to make a determination if, in fact, he has been rehabilitated.

The trial court orally pronounced it was denying the motion for review. The court's oral pronouncement did not expressly mention section 921.1402 or its factors by number or name. Instead, the court stated:

> [Y]ou've done all of these classes and you obviously are trying to better yourself . . . . I do agree that you do have a low risk for reoffending. And I think you were called a role model in prison, and . . . you have made some significant positive strides. . . . But at this point, I do not believe a modification of your sentence is appropriate. . . . I don't want you to misconstrue the fact that I don't address and recognize the positive steps that you've taken. But I just do not believe a modification is appropriate right now.

The court then entered a written order denying the motion for review. *See* § 921.1402(7), Fla. Stat. (2015) ("If the court determines that the juvenile offender has not demonstrated rehabilitation or is not fit to reenter society, *the court shall issue a written order stating the reasons why the sentence is not being modified.*") (emphasis added). Although the court's written order did not expressly mention section 921.1402 or its factors by number or name, the court entitled its order as an "Order on Motion for Review of Sentence." The court's order then stated, in pertinent part:

> Defendant [] had a resentencing hearing in 2016 pursuant to Florida Statutes 921.1401. . . . [T]his Court resentenced the Defendant, who was previously sentenced to life without parole[,] to 28 years in the department of corrections with credit for the time he had previously served. In this Court's [resentencing] Order (Attached as Exhibit A) . . . the relevant

4

resentencing factors delineated under Florida Statutes 921.1401 were extensively analyzed and examined. Then almost 2 . . . years later, the Defendant filed [the instant] Motion for Review of Sentence . . . .

. . . While it is apparent that the Defendant has made positive strides while in prison . . . by taking classes and learning a trade and is capable of rehabilitation, not much has changed in 18 months [since the defendant's resentencing]. This Court still does not believe the Defendant has been fully rehabilitated . . . nor does [the Court] reasonably believe the Defendant is fit to reenter society at this time. This court incorporates by reference all the analysis and reasoning in its [resentencing] Order. Therefore, modification of the Defendant's sentence is not appropriate at this time.

After the trial court's oral pronouncement, the defendant did not object or seek to clarify whether the court based its denial on its consideration of the section 921.1402 factors, or merely relied on its earlier evaluation of the section 921.1401 factors. Similarly, after the court entered its written order, the defendant did not file a Florida Rule of Criminal Procedure 3.800(b)(1) or 3.850(a)(1) motion seeking to clarify whether the trial court based its denial on its consideration of the section 921.1402 factors, or merely relied on its earlier evaluation of the section 921.1401 factors.

Instead, the defendant filed this appeal. The defendant argues that neither the trial court's oral pronouncement nor the trial court's written order indicates that the court considered the section 921.1402 factors. Instead, the defendant argues, the trial court's written order, incorporating the earlier 921.1401 resentencing order, appears to indicate that the court merely relied on its earlier evaluation of the section 921.1401 factors.

In response, the state argues that the defendant failed to preserve this argument by not having brought this argument to the trial court's attention after the trial court's oral pronouncement and written order. The state also argues that, if the defendant is left to pursue a fundamental error argument, then no fundamental error exists because the record indicates that the court considered the section 921.1402 factors in denying the motion.

### *Our Review*

We agree with the state's two arguments. We address each in turn.

First, the defendant's argument was not preserved. After the trial court's oral pronouncement, the defendant did not object or seek to clarify whether the trial court based its denial on its consideration of the section 921.1402 factors, or merely relied on its earlier evaluation of the section 921.1401 factors. Similarly, after the court entered its written order, the defendant did not file a Florida Rule of Criminal Procedure 3.800(b) motion seeking to clarify whether the trial court based its denial on its consideration of the section 921.1402 factors, or merely relied on its earlier evaluation of the section 921.1401 factors. Thus, the defendant's argument was not preserved. *See* Fla. R. App. P. 9.140(e) ("A sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal: (1) at the time of sentencing; or (2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b)."); *Hobgood v. State,* 166 So. 3d 840, 845 (Fla. 4th DCA 2015) ("A defendant must preserve a sentencing error by objecting at the time of sentencing or in a motion under Florida Rule of Criminal Procedure 3.800(b).") (citation and quotation marks omitted).

Second, we see no fundamental error. *See Hayward v. State,* 24 So. 3d 17, 41 (Fla. 2009) (fundamental error is "an error that goes to the foundation of the case . . . and is equivalent to a denial of due process") (citations and internal quotation marks omitted). Nothing in the record suggests that the trial court was confused or that the court did not consider the section 921.1402 factors. On the contrary, the court's oral pronouncement alluded to some of the section 921.1402 factors:

> [Y]ou've done all of these classes and you obviously are trying to better yourself . . . . I do agree that you do have a low risk for reoffending. And I think you were called a role model in prison, and . . . you have made some significant positive strides. . . . But at this point, I do not believe a modification of your sentence is appropriate. . . . I don't want you to misconstrue the fact that I don't address and recognize the positive steps that you've taken. But I just do not believe a modification is appropriate right now.

Similarly, the court's written order also alluded to some of the section 921.1402 factors:

> While it is apparent that the Defendant has made positive strides while in prison . . . by taking classes and learning a trade and is capable of rehabilitation, not much has changed in 18 months [since the defendant's resentencing]. This Court still does not believe the Defendant has been fully

6

rehabilitated . . . nor does [the Court] reasonably believe the Defendant is fit to reenter society at this time.

Based on the foregoing, we cannot say that the trial court fundamentally erred in the manner in which it expressed its denial of the defendant's motion for review, much less committed any error at all.

### *Conclusion*

With the benefit of appellate hindsight, we can say that this appeal may have been avoided if the trial court's written order denying the defendant's motion for review would have recited section 921.1402 as quoted above, and then expressly addressed each factor one-by-one as applied to the evidence presented. However, we also recognize that section 921.1402(7)'s plain language ("[T]he court shall issue a written order stating the reasons why the sentence is not being modified.") does not require such detail. Nevertheless, trial courts may wish to consider addressing each 921.1402 factor as a better practice to ensure the appearance of compliance with the Legislature's directives.

*Affirmed.*

LEVINE and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

7