DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ERIC ZONK WARD,**
Appellant/Cross-Appellee,

v.

**STATE OF FLORIDA,**
Appellee/Cross-Appellant.

No. 4D21-3229

[August 30, 2023]

Appeal and cross-appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Dan L. Vaughn, Judge; L.T. Case No. 31-2018CF001563A.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Pablo Tapia, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, C.J.

Appellant Erik Zonk Ward appeals a final judgment adjudicating him guilty of sexual battery, and the State cross-appeals the sentence imposed by the trial court. We affirm appellant's conviction without comment as to the issues raised. However, on the State's cross-appeal, we consider whether a defendant may take advantage of a trial court's verbal misstep during sentencing, which was quickly rectified, to receive a significantly lower sentence than that which the trial court intended. Under the circumstances of this case, we hold that double jeopardy does not prevent the trial court from correcting such an error and we reverse the sentence imposed.

Appellant's original Criminal Punishment Code scoresheet indicated that the lowest permissible sentence on the sexual battery charge was 7.875 years. At the sentencing hearing, the trial court acknowledged appellant had moved for a downward departure from the sentencing guidelines but the court never granted that motion and said nothing to appellant to make him believe that the court was contemplating a sentence

lower than 7.875 years. At the end of the hearing, the court pronounced: "I'll adjudicate you guilty of sexual battery, sentence you to serve 7.875 *months* in the Department of Corrections." (emphasis added). Approximately seven seconds after appellant left the courtroom, the judge acknowledged that he had misspoken when he said "months" instead of "years," and corrected himself on the record.

The scoresheet and written sentencing order both reflected a sentence imposition of 7.875 *years* in state prison, signed by the trial court. Appellant was taken into custody the same day as the sentencing hearing, and later filed a notice of appeal challenging his conviction.

Pending his appeal, appellant moved to correct his sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). In the motion, he argued that the trial court should: (1) reinstate his "7.875 months" sentence in the written order; (2) resentence him based on a scoresheet error where 80 points scored for sexual penetration should have been 40 points for sexual contact instead; and (3) if neither of the first two arguments succeeded, sentence him to 7 years and 0.875 months. As to the second argument, the State conceded that appellant should be resentenced using a scoresheet with 40 sexual contact points instead of 80 sexual penetration points.

The trial court granted appellant's motion to correct the sentence and scheduled an evidentiary hearing on his argument that his 7.875-month sentence should be reinstated to avoid violating double jeopardy principles. The court also granted resentencing based on the scoresheet error.

At the resentencing hearing, the trial court acknowledged that it was at fault when it said "months" instead of "years" at the original sentencing. It further explained that it did not intend to depart from the minimum guideline sentence of 7.875 years; otherwise, it would have announced the departure along with the reason for departing.

The trial court stated that it needed to resentence appellant considering the corrected scoresheet. That amended scoresheet indicated a lowest permissible sentence of 64.5 months, or 5 years and 4.5 months. Although appellant moved for downward departure in advance of his original sentencing hearing, he did not file such a motion prior to resentencing. Thereafter, the court proceeded to resentence appellant as follows:

2

> In my view, because of the double jeopardy issue … I'm prohibited from … entering any other sentence than what was originally imposed. And as I referenced earlier, everybody in here knows what I meant to do. I don't think there's any doubt about that, but it's my fault. I said, "Months," not "Years," and 7 seconds later corrected it, but it seems to be double jeopardy prohibits me from increasing this, now this may be error perhaps. I'll let the appellate courts sort it out. So I'll adjudicate you guilty, sir, will sentence you to serve [7.875] months in the county jail, not the Department of Corrections.

The State objected to the sentence imposed, arguing "that the 7.875 years could have been applied." The State's cross-appeal of this downward departure sentence followed.

The State argues on cross-appeal that the trial court reversibly erred by resentencing appellant to jail time instead of prison time. Further, the State contends such a downward departure was improper because no valid legal ground supported the departure, and the trial court did not articulate the reasons for the departure. The State claims at resentencing, the court mistakenly believed it was constrained by double jeopardy and was compelled to resentence appellant to the jail term as originally (but mistakenly) imposed.

Appellant responds that the trial court did not err in sentencing him to 7.875 months in jail because he had a legitimate expectation in the finality of the initial sentence of 7.875 months. Appellant contends "inadvertent error" is not an exception to the double jeopardy rule if the initial sentence was lawful. Therefore, he claims double jeopardy principles bar a subsequent "correction" that increases the original sentence even if the oral pronouncement contained an inadvertent misstatement.

"A double jeopardy claim based upon undisputed facts presents a pure question of law and is reviewed de novo." *Dunbar v. State*, 89 So. 3d 901, 904 n.3 (Fla. 2012) (quoting *Pizzo v. State*, 945 So. 2d 1203, 1206 (Fla. 2006)).

"Whether a sentence that has been imposed may later be increased without running afoul of double jeopardy principles turns on whether the defendant had a legitimate expectation of finality in the sentence." *Phillips v. State*, 47 Fla. L. Weekly D2646b, D2646b (Fla. 2d DCA Dec. 15, 2022), *certifying question of great public importance*, 48 Fla. L. Weekly D33d (Fla. 2d DCA Jan. 6, 2023); *see Dunbar*, 89 So. 3d at 905 ("[T]he later imposition of [a] more onerous [sentence] 'violates the double jeopardy clause only

3

when it disrupts the defendant's legitimate expectations of finality.'" (quoting *United States v. Young*, 953 F.2d 1288, 1291 n.3 (11th Cir. 1992))).

"As a general rule, this legitimate expectation of finality attaches when the sentence is orally pronounced." *Phillips*, 47 Fla. L. Weekly at D2646b; *see Troupe v. Rowe*, 283 So. 2d 857, 860 (Fla. 1973) (concluding that jeopardy had attached to the trial court's pronouncement of a thirty-day sentence such that after a recess the court could not increase the defendant's sentence); *Obara v. State*, 958 So. 2d 1019, 1021–22 (Fla. 5th DCA 2007) (reversing a sentence imposed after the defendant had been called back into the courtroom less than one hour after the imposition of his original sentence and rejecting the State's argument that jeopardy had not attached because the defendant had not yet begun to serve his sentence). *But see Curtis v. State*, 789 So. 2d 394, 395–96 (Fla. 4th DCA 2001) (holding that jeopardy had not attached because the record did not show that the defendant had reached his place of incarceration when trial court recalled his case and increased his initial sentence).

Appellant argues his case is like *Hobgood v. State*, 166 So. 3d 840 (Fla. 4th DCA 2015), and *Obara*, in which the respective defendants were removed from the courtroom after the sentencing hearing and taken to a holding cell. The respective trial courts then recalled the cases and resentenced the defendants to more onerous terms of incarceration. *See Hobgood*, 166 So. 3d at 843; *Obara*, 958 So. 2d at 1021. In both cases, the appellate courts held that the trial court violated the appellant's right against double jeopardy by later increasing its sentence where the initial sentence was not illegal. *See Hobgood*, 166 So. 3d at 847; *Obara*, 958 So. 2d at 1021.

We disagree with appellant's reliance on *Hobgood* and *Obara*. As we stated in *Hobgood*, "[w]hen a defendant has not been transferred from the court's custody to a place of detention at the time his sentences are altered, service of the sentences has not officially commenced, and defendant's rights are not impinged by the trial court's timely alteration of his sentences." 166 So. 3d at 845 (citation omitted). The question then becomes whether the appellant had begun serving his sentence when the correction occurred. *Id.*

In this case, appellant was only out of the courtroom for "about seven seconds" before the court realized its verbal error. Unlike the cases on which appellant relies, the circumstances here suggest nothing that would have given appellant the impression he had begun to serve his sentence. In *Hobgood*, the defendant's case was recalled later the same day, well

4

after the conclusion of the sentencing hearing and after the defendant was taken to a holding cell. *See Hobgood*, 166 So. 3d at 847. In *Obara*, the case was recalled ten minutes after the sentencing hearing concluded, and like *Hobgood*, the defendant had been taken into custody and placed in a courthouse holding cell. *See Obara*, 958 So. 2d at 1021.

Here, appellant barely made it out of the courtroom when the verbal error was corrected, and the record does not show any evidence he had even reached a holding cell within the courthouse when it was. And, unlike what occurred in *Hobgood* and *Obara*, the trial court's recognition of its misstatement was immediate, and its correction of the verbal error was timely. Nothing indicates that the trial court's amendment to its oral pronouncement was or could have been a product of further reflection or receipt of additional information after the conclusion of the hearing. In fact, the court's original oral pronouncement was for appellant to serve his sentence in the Department of Corrections, reflecting the court's original intent to sentence appellant to a prison term rather than a stint in the county jail.

We also note that appellant appealed his case and challenged his sentence. "A defendant has no legitimate expectation in the finality of a sentence that has been appealed or otherwise challenged." *Phillips*, 47 Fla. L. Weekly at D2646b; *see also Trotter v. State*, 825 So. 2d 362, 365 (Fla. 2002) ("[D]ouble jeopardy is not implicated in the context of a resentencing following an appeal of a sentencing issue."); *James v. State*, 845 So. 2d 238, 240 (Fla. 1st DCA 2003) ("[T]here is no legitimate expectation of finality in a sentence a defendant seeks to overturn.").

Further, the State appealed appellant's 7.875-month sentence because it fell below the lowest permissible sentence without valid, written reasons for downward departure and an objection on those grounds was made to the trial court. *See* § 921.002(1)(h), Fla. Stat. (2018) ("A sentence may be appealed on the basis that it departs from the Criminal Punishment Code only if the sentence is below the lowest permissible sentence . . . ."). Here, appellant did not move for downward departure on resentencing, and the trial court did not give any written or oral reasons for imposing a 7.875-month sentence, instead of the 64.5-month lowest permissible sentence according to the amended scoresheet, besides its fear of technically violating double jeopardy. Under Florida law, a trial judge may depart from a defendant's lowest permissible sentence if justified based on a non-exhaustive list of factors. *See* § 921.0026(2), Fla. Stat. (2018). However, "[d]epartures below the lowest permissible sentence established by the code must be articulated in writing by the trial court judge . . . ." § 921.002(1)(f), Fla. Stat. (2018). Where the trial court fails to give written

reasons or make oral findings for granting a downward departure sentence, the sentence is improper and must be reversed and remanded for resentencing within the guidelines. *See State v. Murray*, 161 So. 3d 1287, 1290 (Fla. 4th DCA 2015) (reversing a downward departure sentence because the defendant did not move for downward departure and the trial court did not state it was departing, orally articulate reasons for doing so, nor enter a written order memorializing the reasons for departure); § 921.002(1)(f), Fla. Stat. (2018); *cf. Hobgood*, 166 So. 3d at 845 n.2 (noting the State failed to object to the trial court's oral pronouncement of a sentence below the lowest permissible sentence, thereby failing to preserve the error and precluding it from a successful appeal).

We are not inclined to allow appellant to play "gotcha" by taking advantage of a verbal mistake made during sentencing that was obvious, immediately recognized, and corrected by the trial court within seconds, before service of the sentence had commenced. We therefore reverse appellant's sentence of 7.875 months and remand for the trial court to impose a sentence of 64.5 months consistent with the lowest permissible sentence under the amended scoresheet.

*Affirmed in part, reversed in part, and remanded.*

CONNER and FORST, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***