# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-3330
_____

MARCUS TREMAYNE WILLIAMS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Escambia County.
Jennie Kinsey, Judge.


June 10, 2026

ROBERTS, J.

Appellant Marcus Tremayne Williams appeals his 45.15-month sentences on Counts 1 and 3 on double jeopardy grounds. For the reasons below, we affirm.

In 2021, the State filed an information charging Appellant with introducing contraband articles into a county detention facility (Count 1), battery on a law enforcement officer (Count 2), possession of a controlled substance—cocaine (Count 3), resisting an officer without violence (Count 4), and possession of a controlled substance—less than twenty grams of cannabis (Count 5). In 2022, the parties entered into a negotiated plea agreement that provided for a downward departure from the lowest permissible sentence of 40.95 months. Appellant pled no contest to Counts 1, 3, 4, and 5,

and the State dropped Count 2. The trial court adjudicated Appellant guilty and sentenced him to ninety days in county jail followed by thirty-six months of probation on Count 1, thirty-six months of probation on Count 3, twelve months of probation on Count 4, and twelve months of probation on Count 5. In 2023, Appellant completed his probation on Counts 4 and 5.

In 2024, the State filed a violation of probation (VOP) affidavit and report alleging that Appellant violated Conditions (5) and (7) of his probation on Counts 1 and 3 by testing positive for cocaine. At the VOP hearing, the trial court advised that with the VOPs, the lowest permissible sentence was 45.15 months and it was required to sentence Appellant to a minimum of 45.15 months. Notably, the sentence computation section of the scoresheet provided:

Appellant admitted the VOPs, and the trial court accepted his admission as freely, knowingly, and voluntarily given.

At the sentencing hearing, the trial court misstated that the lowest permissible sentence was fifteen months, rather than 45.15 months as reflected in the scoresheet. Neither party corrected the trial court. The trial court adjudicated Appellant guilty on Counts 1 and 3 and revoked his probation. When pronouncing sentence, the trial court stated:

> Then I'll do lowest guideline. I'll do 15 months state prison with credit for 306 days. It's not great, but it's better than ten years.

2

The trial court ordered that the sentences run concurrently. The prosecutor asked if the trial court said fifteen or fifty, and the trial court replied, "One five." At the conclusion of the hearing, the trial court repeated the sentence:

> So that's 15 months state prison, which is the bottom of the guidelines, with credit for 306 days.

The trial court advised Appellant of his right to appeal, and the sentencing hearing concluded.

During the lunch break, the State reached out to the trial court, and Appellant's case was recalled. The trial court explained that it had misread the lowest permissible sentence on the scoresheet and announced the guideline sentence as fifteen months instead of 45.15 months. The trial court advised that Appellant could withdraw his plea and start "fresh," or he could be sentenced to 45.15 months. Defense counsel objected to resentencing, and the trial court gave the parties time to research the issue.

At the resentencing hearing, the trial court stated:

> When we had our VOP day in court, I specifically said that I was sentencing him to a guideline sentence, and then when I read the . . . scoresheet[,] and it had been half typed and half written, I saw fifteen, but it was my intent that day to do a guideline sentence. I don't think anybody in here thinks that it was anything but my intent to do a guideline sentence. When I misread the scoresheet, I believe the attorneys have a duty to the Court to correct also because everybody knew the bottom of the guidelines was 45.15. . . . [O]ver the lunch hour, the State said, there's a problem, asked to bring it in. . . . [T]he intent was guideline, it was made very clear. I gave two completely conflicting statements, guideline and fifteen months, which absolutely was not correct.
>
> . . . .

3

I announced a guideline sentence[,] and a guideline sentence is 45.15. So the intent was always bottom [of] the guideline. So I think that is the distinguishing factor in [Appellant's] case, and that is why I said -- when I realized this mistake, if he wanted to withdraw his plea, he could do so. But the intent has always been, as stated at sentence, imposed for a guideline sentence.

The trial court explained that it did not find any legal grounds to depart and, although it could modify, it chose not to under the circumstances. The trial court vacated the fifteen-month sentence, adjudicated Appellant guilty on Counts 1 and 3, revoked his probation, and resentenced him to 45.15 months in prison on each count, to run concurrently.

On appeal, Appellant argues that his 45.15-month sentences violate double jeopardy. Based on the record before us, we find that his argument is without merit. "A double jeopardy claim based upon undisputed facts presents a pure question of law and is reviewed de novo." *Dunbar v. State*, 89 So. 3d 901, 904 n.3 (Fla. 2012) (quoting *Pizzo v. State*, 945 So. 2d 1203, 1206 (Fla. 2006)).

The application of the double jeopardy clause turns on the extent and legitimacy of a defendant's expectation of finality in that sentence. If a defendant has a legitimate expectation of finality, then an increase in that sentence is prohibited by the double jeopardy clause. If, however, there is some circumstance which undermines the legitimacy of that expectation, then a court may permissibly increase the sentence.

*Dunbar*, 89 So. 3d at 905 (cleaned up). "[S]imple human error is inevitable in oral pronouncements[,] and . . . the constitutional doctrine of double jeopardy was never intended to make sentencing a game in which mental errors by judges and attorneys are irreparable even when the error is discovered minutes later." *Gardner v. State*, 30 So. 3d 629, 634 (Fla. 2d DCA 2010) (Altenbernd, J., dissenting).

In this case, there is no question that the trial court intended to impose guideline sentences and not to downwardly depart. At

4

the VOP hearing, the trial court advised Appellant that it was required to sentence him to a minimum of 45.15 months. At the sentencing hearing, the trial court simply misread the scoresheet and stated fifteen months instead of 45.15 months. The error was not brought to the trial court's attention until the lunch break, but the trial court promptly recalled the case to address the error on the record.

Even though Appellant was taken out of the courtroom after sentencing, he had no legitimate expectation of finality in the fifteen-month sentences, and the trial court did not violate double jeopardy principles by imposing the 45.15-month sentences. *See Coello v. State*, 383 So. 3d 833, 835–36 (Fla. 4th DCA 2024) (holding no double jeopardy violation occurred where the trial court's pronouncements at the original sentencing hearing were unclear and inconsistent, and the trial court clarified the sentence at the second hearing a few days later); *Duncan v. State*, 59 So. 3d 1197, 1199 (Fla. 5th DCA 2011) (reversing and remanding for the trial court to clarify the sentence where the Fifth District suspected that either the transcript was incorrect or the trial court simply misspoke when announcing the sentence). Furthermore, if the trial court had not corrected its error, the State could have appealed the departure sentence. *See State v. Clark*, 912 So. 2d 348, 349 (Fla. 3d DCA 2005) (concluding that the downward departure was reversible error where the record revealed no oral or written reason for the departure).

Accordingly, we AFFIRM Appellant's sentences.

NORDBY, J., concurs; WINOKUR, J., concurs with opinion.

––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––

WINOKUR, J., concurring.

I fully agree with the majority opinion but wish to emphasize a single point.

The Criminal Punishment Code creates a lowest permissible sentence and specifies that a "downward departure from the lowest permissible sentence" without proper statutory support is "prohibited" and "subject to appellate review." § 921.0026(1), Fla. Stat. *See also* § 921.00265(1), Fla. Stat. ("A departure sentence is prohibited unless there are mitigating circumstances or factors present as provided in s. 921.0026 which reasonably justify a departure."). "A sentence that decreases an offender's sentence below the lowest permissible sentence is a departure sentence and must be accompanied by a written statement by the sentencing court delineating the reasons for the departure[.]" § 921.00265(2), Fla. Stat. Accordingly, as the majority opinion notes, a sentence below the lowest permissible sentence that is not accompanied by a written statement providing valid reasons for the departure constitutes reversible error. *See, e.g., State v. Arnold*, 948 So. 2d 910 (Fla. 1st DCA 2007) (reversing a downward departure sentence because the court failed to provide any valid legal reason for departure that is supported by competent, substantial record evidence).

Clearly, the 15-month sentence originally imposed, without any supporting valid departure reasons, was not authorized by statute and would have constituted reversible error. Under these circumstances, I conclude that Williams had no legitimate expectation of finality in the impermissible sentence.

I recognize that a sentence that is below the lowest permissible sentence, unlike the sentence imposed in *Dunbar v. State,* is not one that the court "had no discretion to impose[.]" 89 So.3d 901, 906 (Fla. 2012). But while the court did have discretion to impose the departure, the State had a corresponding right to seek appellate review if it believed that the departure sentence violated the statute. § 921.0026(1), Fla. Stat. Accordingly, Williams' expectation of finality in the improper downward departure sentence was not legitimate "until the appeal is

6

concluded or the time to appeal has expired." *United States v. DiFrancesco*, 449 U.S. 117, 136 (1980).

In this respect, I disagree with the conclusion of the Fourth District Court of Appeal in *Hobgood v. State*, 166 So. 3d 840, 846 (Fla. 4th DCA 2015). In *Hobgood*, the sentencing court imposed an improper departure sentence, and "some time later that same day" recalled the case, indicated that it had overlooked the lowest permissible sentence, and imposed a permissible sentence. *Id.* at 843. The Fourth District ruled that the resentence violated the defendant's protection against double jeopardy because she had "begun serving her sentence" prior to the resentencing. *Id.* at 846. While the court's conclusion that the resentence violated double jeopardy as soon as the defendant had "begun serving her sentence" may apply when the original sentence is statutorily authorized, it makes no sense when applied to a sentence that is *not* statutorily authorized and is subject to reversal if the State appeals. Under *DiFrancesco*, the defendant's expectation of finality in the statutorily unauthorized sentence did not become legitimate when she began serving her sentence, it became legitimate only "after the time to appeal has expired."

In short, while I agree with the majority opinion that the factual circumstances here belie a legitimate expectation of finality in the improper 15-month sentence, I also conclude that Williams had no legitimate expectation of finality in the unauthorized 15-month sentence, because that unauthorized sentence was subject to reversal on appeal. Either way, affirmance is appropriate.

---

Jessica J. Yeary, Public Defender, and Joel Daniel Arnold, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Amanda Bosman, Assistant Attorney General, Tallahassee, for Appellee.